

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00192-CR

RODRIGO VILLALOBOS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury convicted Appellant Rodrigo Villalobos of one count of aggravated sexual assault of a child under fourteen years of age and one count of indecency with a child by contact and assessed his punishment at ten years' and five years' imprisonment, respectively. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a) (West 2011 & Supp. 2012). The trial court sentenced him accordingly, ordering

---

[1]*See* Tex. R. App. P. 47.4.

that the sentences run concurrently. In three issues, Villalobos complains of the sufficiency of the evidence, the denial of his motion for mistrial based on the prosecutor's closing argument, and the disproportionality of his ten-year sentence for his aggravated sexual assault of a child conviction.

## II. FACTUAL BACKGROUND

Villalobos, his wife, and his young son David lived two houses down from Amy, her three sisters, and her mother in Arlington.[2] Amy's parents were divorced, and her father James lived a few miles away. When Amy was five and six years old, she often walked down to the Villaloboses' house to play with David, who is a couple of years older than Amy; many times, she went by herself.

In August 2009, when Amy was six years old, she and her sisters were staying with their father James when Amy made an outcry of sexual abuse to him. James was bathing Amy and one of her sisters at the time, and Amy told her father that the soap stung her "down there." She told James that Villalobos had touched her privates inside her underwear in front of his truck and that she had rubbed his privates in his upstairs bathroom.

James told Amy's mother about the outcry, and the following week, they took Amy to Alliance for Children, where Amy repeated what she had told James to a child forensic interviewer. A sexual assault nurse examiner at Cook

---

[2]To protect the anonymity of the children in this case, we will use aliases to refer to some of the individuals named herein. *See Daggett v. State*, 187 S.W.3d 444, 446 n.3 (Tex. Crim. App. 2005); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

2

Children's Medical Center also examined and interviewed Amy, who repeated to the nurse what had happened with Villalobos.

### III. SUFFICIENCY OF THE EVIDENCE

In his first issue, Villalobos argues that insufficient evidence exists to support his conviction for each count because Amy's testimony "is suspect at best," because he had no opportunity to abuse her, and because he has always maintained his innocence.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.

3

Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

A person commits aggravated sexual assault of a child younger than fourteen years of age if the person causes the penetration of the child's sexual organ by any means. Tex. Penal Code Ann. § 22.021(a). A person commits indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1). Sexual contact includes any touching of any part of the genitals of a person. *Id.* § 21.11(c)(2).

In this case, Amy testified that one day when she was five or six years old, she and Villalobos were standing between his garage and his truck when he told her to pull down her skirt. He touched her on the inside of her "tee-tee" with his hand.[3] On another occasion, Amy was with Villalobos in the closet in his upstairs bathroom when he touched her "tee-tee" with his hand and then asked, "Can you touch mine now[?]" She touched his "tee-tee" and shook it. Villalobos said it felt

---

[3]Amy identified a "tee-tee" on a doll at trial and testified that it is used to pee.

good, moaned, and groaned. Villalobos told Amy not to tell anyone what happened.

Amy's testimony is sufficient to establish the elements of the offenses for which the jury found Villalobos guilty. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) (holding testimony of complainant regarding sexual offense was sufficient, standing alone); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.) (same); *see also* Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2012) (providing that convictions for sexual offenses are supportable on the uncorroborated testimony of a child victim under seventeen years of age). Additionally, testimony of Amy's mother, Amy's father, the Alliance for Children child forensic interviewer, and the sexual assault nurse examiner corroborated Amy's testimony. Evidence also showed that Villalobos worked from his home, that Amy walked over to the Villaloboses' house unsupervised, and that she often walked into the Villaloboses' home unannounced.

Viewing the evidence in the light most favorable to the jury's verdict on each count, we hold that a rational trier of fact could have found beyond a reasonable doubt that Villalobos committed aggravated sexual assault of Amy by inserting his finger into her female sexual organ and that Villalobos committed indecency with a child by causing Amy to touch his penis. Consequently, we hold that the evidence is sufficient to support Villalobos's convictions, and we

overrule his first issue. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## IV. MOTION FOR MISTRIAL

In his second issue, Villalobos argues that the trial court abused its discretion by denying his motion for mistrial after the prosecutor stated during the State's closing argument at the punishment stage of trial, "[T]he hardest part about all this every single time I do these types of cases is you can never understand why, like why someone would ever want to do this to a child."

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

In determining whether a trial court abused its discretion by denying a mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of the punishment assessed absent the misconduct. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a

6

mistrial be required. *Mosley*, 983 S.W.2d at 259; *see also Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004).

Here, even assuming the prosecutor's comment—that she does not know "why someone would ever want to do this to a child"—was improper,[4] the trial court sustained defense counsel's objection that the prosecutor's argument was outside the record and promptly instructed the jury to disregard the statement. The complained-of comment, even if improper, was not so prejudicial as to render the timely curative instruction ineffective. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). Absent some evidence to the contrary, which does not exist in this case, we assume the jury followed the trial court's instruction and disregarded the argument. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *see also Archie*, 340 S.W.3d at 741; *Wilkerson v. State*, 881 S.W.2d 321, 327 (Tex. Crim. App.) (explaining that instruction to disregard generally cures any error from an improper jury argument); *cert. denied*, 513 U.S. 1060 (1994). Villalobos received a ten-year sentence for the aggravated assault of a child conviction, well below the maximum of ninety-nine years' or life imprisonment, and a five-year sentence for the indecency with a

---

[4]The State argues that the prosecutor's comment was appropriate as a response to defense counsel's closing arguments at both the guilt-innocence and punishment stages of trial. The State points to defense counsel's closing argument at the guilt-innocence stage—in which he argued that Villalobos has a beautiful wife and son, worked hard, and became a United States citizen, then asked, "Why would he throw that all away for some incident?"— and at the punishment stage—in which he argued for a low sentence "based on this man's merit of life, his love for his family, his child, his faithfulness to the community."

child conviction, which carries a maximum of twenty years' imprisonment. *See* Tex. Penal Code Ann. §§ 12.32(a), .33(a) (West 2011); *see also id.* §§ 21.11(d), 22.021(e).

Even assuming that the complained-of comment was improper, we hold that any harm caused by it was cured by the instruction to disregard and that, consequently, the trial court did not abuse its discretion by denying Villalobos's motion for mistrial. *See Mosley*, 983 S.W.2d at 259. We overrule his second issue.

## V. Proportionality of Sentence

In his third issue, Villalobos argues that the total of ten years' imprisonment that he received for both convictions[5] was grossly disproportionate when considered in light of other sentences for the same offenses in this jurisdiction and in light of the facts and circumstances of the offenses.[6] Villalobos did not object to his sentence at the time it was imposed nor complain about it in a motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-

---

[5]The five-year sentence for indecency with a child was ordered to run concurrently with the ten-year sentence for aggravated sexual assault of a child.

[6]Villalobos cites only one opinion from this court in his argument, and it involved a ten-year sentence for burglary of a habitation. *See Tatum v. State*, 649 S.W.2d 139, 140 (Tex. App.—Fort Worth 1983, pet. ref'd).

06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, No. PD-1280-11, 2013 WL 1628985, at *2 (Tex. Crim. App. Apr. 17, 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Villalobos did not raise his complaint in the trial court, the complaint is forfeited.[7] We overrule his third issue.

## VI. CONCLUSION

Having overruled Villalobos's three issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 2, 2013

---

[7]Even if we were to reach the merits of his complaint, his punishment for each conviction was well within the statutory limits for each offense. *See* Tex. Penal Code Ann. §§ 12.32(a), 12.33, 21.11(d), 22.021(e). Punishment that is imposed within the statutory limits, and that is based upon the sentencer's informed normative judgment, is generally not subject to challenge for excessiveness except in "'exceedingly rare'" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).