PD-0758-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/1/2015 11:57:53 AM
Accepted 7/1/2015 3:49:55 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

|  |  |  |
|---|---|---|
| **DEWAN MORGAN,** APPELLEE | § § § § § § § § | |
| v. | | **No. PD-0758-15** |
| **THE STATE OF TEXAS,** APPELLANT | | |

---

### STATE'S PETITION FOR DISCRETIONARY REVIEW

---

FROM THE SECOND DISTRICT OF TEXAS AT FORT WORTH
IN CAUSE NUMBER 02-14-00231-CR
AND
FROM THE 211TH JUDICIAL DISTRICT COURT
DENTON COUNTY, TEXAS
IN CAUSE NUMBER F-2013-1704-C

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**YAEL ZBOLON**
Assistant Criminal District Attorney
1450 East McKinney, Suite 300
Denton, Texas 76209
State Bar No. 24077065
(940) 349-2600
FAX (940) 349-2601
yael.zbolon@dentoncounty.com

FILED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND COUNSEL

Appellee.......................................................**DEWAN MORGAN**

**STANLEY GOODWIN**
303 North Carroll Boulevard
Suite 234
Denton, Texas 76201

APPELLATE COUNSEL

**DEREK ADAME**
1512 East McKinney Street
Suite 102
Denton, Texas 76209

TRIAL COUNSEL

Appellant .....................................................**THE STATE OF TEXAS**

**PAUL JOHNSON**
Criminal District Attorney

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**YAEL ZBOLON**
Assistant Criminal District Attorney
State Bar No. 24077065
1450 East McKinney
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2751
yael.zbolon@dentoncounty.com

APPELLATE COUNSEL

**MICHAEL GRAVES**
**LINDSEY SHEGUIT**
Assistant Criminal District Attorneys

TRIAL COUNSEL

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .............................................................. i

INDEX OF AUTHORITIES ............................................................................ iv-v

STATEMENT REGARDING ORAL ARGUMENT ............................................... 1

STATEMENT OF THE CASE ............................................................................ 2

STATEMENT OF PROCEDURAL HISTORY ...................................................... 2

QUESTIONS PRESENTED FOR REVIEW .......................................................... 3

    1. In burglary of habitation cases, must trial and appellate courts
    utilize property law to determine who qualifies as the "owner"
    of a habitation as defined by the Penal Code? ......................................... 3

    2. To qualify as "entry without the effective consent of the owner"
    how much time must elapse after a victim revokes consent for
    her live-in boyfriend to enter her home for his forcible entry to
    be deemed a burglary? ........................................................................... 3

ARGUMENT ................................................................................................. 3

GROUND ONE ............................................................................................. 5

In burglary of habitation cases, must courts utilize
property law to determine who qualifies as the "owner"
as defined by the Penal Code? ...................................................................... 5

    Trial and appellate courts should not be required to reference
    property law to determine the meaning of a criminal statute. ..................... 6

    Furthermore, the Second Court of Appeals applied property
    law principles improperly. ......................................................................... 7

    By disregarding the Penal Code's definition, the Second
    Court improperly broke away from precedent. ............................................ 9

The Second Court of Appeals improperly applied the
sufficiency standard by acting as a thirteenth juror. ...................................... 11

GROUND TWO ............................................................................................ 13

To qualify as "entry without the effective consent of the owner"
how much time must elapse after a victim revokes consent for
her live-in boyfriend to enter her home for his forcible entry to
be deemed a burglary? .................................................................................. 13

Revoking effective consent: how much time is enough? ............................ 13

*Dominguez* misconstrued: what does it mean that
"possession must be determined immediately *prior to*
and not *during* the break-in"? ..................................................................... 15

The Second Court of Appeals vs. The Fourth Court of
Appeals: which standard applies to determine who has possession? .......... 16

Applied properly, the *Dominguez* standard should govern............................ 17

PRAYER FOR RELIEF ............................................................................... 18

CERTIFICATE OF COMPLIANCE .............................................................. 19

CERTIFICATE OF SERVICE......................................................................... 19

APPENDICES:

A  Judgment of Conviction

B  *Morgan v. State*, No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411 (Tex.
App.—Fort Worth May 28, 2015, pet. filed)

C  49 Tex. Jur. Landlord and Tenant § 13 (2014) (Tenancy at will)

D  49 Tex. Jur. Landlord and Tenant § 14 (2014) (Tenancy at sufferance)

# INDEX OF AUTHORITIES

**Statutes, Codes, and Rules**

Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2014)..............................5, 7

Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014) .....................................5, 17

Tex. Penal Code Ann. § 30.02(a)(1) (West 2011) .......................................................5

Tex. Penal Code Ann. § 30.02(a)(2) (West 2011) .......................................................5

Tex. Prop. Code Ann. § 92.001 (West 2014).............................................................7

Tex. Prop. Code Ann. § 92.009 (West 2014)..............................................................8

Tex. R. App. P. 41.3 .................................................................................................. 14

**Cases**

*Alexander v. State*
   753 S.W.2d 390 (Tex. Crim. App. 1988)................................................................ 5

*Carrasco-Flores v. State*
   No. 08-13-00231-CR, 2015 Tex. App. LEXIS 4982
   (Tex. App.—El Paso May 14, 2015, no pet.)............................................. 10, 13, 14

*Dewberry v. State*
   4 S.W.3d 735 (Tex. Crim. App. 1999) ................................................................. 12

*Dominguez v. State*
   355 S.W.3d 918 (Tex. App.—Fort Worth 2011, pet. ref'd).........10, 13, 14, 15, 16

*Freeman v. State*
   707 S.W.2d 597 (Tex. Crim. App. 1986)............................................................. 17

*Garza v. State*
344 S.W.3d 409 (Tex. Crim. App. 2011) ................................................... 5

*Gregg v. State*
881 S.W.2d 946 (Tex. App.—Corpus Christi, 1994, pet. ref'd) .................... 10, 13

*Hooper v. State*
214 S.W.3d 9 (Tex. Crim. App. 2007) ....................................................... 11, 12

*Hudson v. State*
799 S.W.2d 314 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) ........... 10, 13

*Jackson v. Virginia*
443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ............................... 11, 12

*Laster v. State*
275 S.W.3d 512 (Tex. Crim. App. 2009) .................................................... 12

*Mack v. State*
928 S.W.2d 219 (Tex. App.—Austin 1996, pet. ref'd) ........................... 7, 10, 13, 17

*Morgan v. State*
No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411
(Tex. App.—Fort Worth May 28, 2015, pet. filed) ..................................*passim*

*Ramirez v. State*
429 S.W.3d 686 (Tex. App.—San Antonio 2014, pet ref'd) ........................ 16, 17

*Stanley v. State*
631 S.W.2d 751 (Tex. Crim. App. 1982) ................................................... 9

**Other Authorities**

49 Tex. Jur. Landlord and Tenant § 13 (2014) ........................................... 8

49 Tex. Jur. Landlord and Tenant § 14 (2014) ........................................... 8, 9

Herbert Hovenkamp & Sheldon F. Kurtz,
*Principles of Property Law* 265 Thompson West, 6th ed. 2005 ..................... 8, 9

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| **DEWAN MORGAN,** | § | |
| APPELLEE | § | |
| | § | |
| v. | § | **No. PD-0758-15** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLANT | § | |

---

## STATE'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State, by and through its Assistant District Attorney, and respectfully urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues presented in this case—(1) whether courts should utilize property law in determining whether a person is the "owner" of a habitation as defined by the Penal Code; and (2) how much time must elapse after consent to enter a habitation is revoked for subsequent entry to qualify as burglary—have not been addressed by this Court, the State believes oral argument would be helpful to the courts of the State of Texas and the parties. The State therefore requests oral argument.

1

## STATEMENT OF THE CASE

As their relationship progressed, Regina Raglin invited her boyfriend, Appellee, to live with her at her apartment. While she gave him a key, she never added him to her lease, and she alone paid the rent (3 R.R. at 29-30; State's Exhibits 20-21). Appellee only contributed financially by paying for some groceries, cleaning supplies, and the electric bill (3 R.R. at 29-30).

The morning of the offense the couple argued (3 R.R. at 41). Fearing Appellee, who had assaulted her before, Regina invited a male friend to come over that evening after work (3 R.R. at 40-43). When Appellee came home, he saw Regina's friend in the parking lot and the two exchanged words (3 R.R. at 43-44). Regina quickly locked a deadbolt that could only be unlocked from within (3 R.R. at 43-45, 63). Realizing his key was useless; Appellee pounded on the door, rang the doorbell, yelled, shattered the kitchen window, and ultimately kicked down the door, with the deadbolt still in place (3 R.R. at 46-47; State's Exhibits 7-8, 18). Regina was on the phone with 9-1-1, but quickly retreated to her bedroom (3 R.R. at 50). Appellee grabbed, punched, scratched, bit, and choked Regina until police arrived (3 R.R. at 48; 4 R.R. at 46, 51, 63, 67-68; State's Exhibits 12-17, 19).

## STATEMENT OF PROCEDURAL HISTORY

A jury found Appellee guilty of burglary of a habitation and sentenced him to 12 years in jail (6 R.R. at 5; C.R. at 25). *See* Appendix A [Judgment of

2

Conviction]. Appellee appealed to the Second Court of Appeals at Fort Worth claiming the evidence was insufficient to support his conviction. On May 28, 2015, in a published decision, the Second Court of Appeals reversed the burglary of a habitation conviction, affirmed the lesser included assault conviction, and remanded for new punishment proceedings. *See* Appendix B [*Morgan v. State*, No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411 (Tex. App.—Fort Worth May 28, 2015, pet. filed)]. The State did not file a motion for rehearing.

## QUESTIONS PRESENTED FOR REVIEW

1. In burglary of habitation cases, must trial and appellate courts utilize property law to determine who qualifies as the "owner" of a habitation as defined by the Penal Code?

2. To qualify as "entry without the effective consent of the owner" how much time must elapse after a victim revokes consent for her live-in boyfriend to enter her home for his forcible entry to be deemed a burglary?

## ARGUMENT

Texas trial and appellate courts need guidance on two issues not yet addressed by this Court. Such guidance would have broad implications on all burglary of habitation cases in Texas.

First, the Second Court of Appeals has disregarded precedent establishing that the three-pronged definition of an "owner" in the Penal Code is the authoritative guide for determining ownership of property in burglary cases. Instead of relying on the Penal Code, the Second Court turned to common law

3

landlord tenant rules for guidance. In so doing, the Second Court established a new precedent that trial and appellate courts should confer with property law in criminal cases when the Penal Code already aptly defines "owner." Left undisturbed this precedent would cause needless confusion in criminal cases. Furthermore, the Second Court of Appeals misapplied the property principles it utilized in reaching its opinion and improperly acted as thirteenth juror when applying the sufficiency standard.

Second, the Second Court of Appeals and the Fourth Court of Appeals apply two different standards to determine who has "possession" of the habitation in burglary cases. This Court should clarify which standard should be applied state-wide. Additionally, in cases dealing with live-in boyfriends or girlfriends this Court has yet to address how much time must elapse between revocation of consent and entry for the subsequent entry to be deemed a burglary. Courts have held that when a boyfriend moves out weeks or months before breaking-in and assaulting his (former) girlfriend, enough time had elapsed for consent to be effectively revoked. But no case has yet addressed whether consent is effectively revoked minutes before entry.

Furthermore, by its holding, the Second Court implies that a victim can never revoke consent for her live-in boyfriend to enter her apartment when faced with an immediate threat. This is an absurd result that warrants review.

## GROUND ONE

In burglary of habitation cases, must trial and appellate courts utilize property law to determine who qualifies as the "owner" of a habitation as defined by the Penal Code?

### Argument

A person commits burglary of a habitation if without the effective consent of the owner the person enters a habitation (1) with intent to commit a felony, theft, or an assault; (2) commits a felony, theft, or assault; (2) or attempts to commit a felony, theft, or assault. Tex. Penal Code Ann. §30.02(a)(1),(2) (West 2011). The Penal Code defines the "owner" of the property, capable of giving or revoking consent to enter, as one who (1) has title to the property; (2) has possession of the property, whether lawful or not; or (3) has a greater right to possession of the property than the actor. Tex. Penal Code Ann. §1.07(a)(35)(A) (West Supp. 2014). "Possession" is defined as actual care, custody, control or management. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014). Thus, under the Penal Code, any person who has a greater right to actual care, custody, control, or management of the property than the defendant is the owner. *See Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).

**In burglary of habitation cases, must courts utilize property law to determine who qualifies as the "owner" as defined by the Penal Code?**

The Penal Code includes an expansive definition of an owner. *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011). In its analysis, the

5

Second Court of Appeals abandoned a straight forward application of "owner" as defined by the Penal Code in favor of an analysis of landlord tenant law under common law. The Second Court determined that because Appellee had originally moved into Regina's apartment with her consent, and because his belongings were in the apartment, he qualified as a tenant and had equal possessory rights to the apartment. *Morgan v. State*, No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411, *6 (Tex. App.—Fort Worth May 28, 2015, pet. filed). Accordingly, the court asserted that Appellee was a co-tenant, and either a tenant at will or a tenant at sufferance, with the right to occupy and control the apartment until his tenancy was terminated. *Id*. This analysis begs the question: to determine whether someone was an owner under the Penal Code, should courts be required to cross-reference with the Texas Property Code or common law property principles? This question remains unanswered by this Court.

**Trial and appellate courts should not be required to reference property law to determine the meaning of a criminal statute.**

Not only will requiring trial courts to confer with property law to determine who qualifies as an "owner" under the Penal Code cause undue confusion, the Penal Code's definition already provides courts with sufficient guidance to determine who is an "owner." Because the Penal Code includes among its definitions one who has "possession of the property, whether lawful or not" and one who has a "greater right to possession," the Penal Code's definition

6

encompasses cases like this one. Therefore, it would be unnecessary to look further for guidance under property law.

Under a straight-forward application of the Penal Code's definition of owner, Regina had greater right to possession of the property as she alone paid rent and was recognized under the lease as the rightful tenant. *See* Tex. Penal Code § 1.07(a)(35)(A). She was also the owner because she had possession of the property before the break-in. *Id.* Appellee having some possessory rights in the property is not dispositive. "The touchstone of our analysis is not whether the defendant has any right to possession of the property at all, but whether the alleged owner's right to possess the property is greater than the defendant's." *Mack v. State*, 928 S.W.2d 219, 223 (Tex. App.—Austin 1996, pet. ref'd). The Penal Code clearly indicates that a defendant who has some, but less, right to control a building than the alleged owner may be prosecuted for burglary. *Id.*

**Furthermore, the Second Court of Appeals applied property law principles improperly.**

The Texas Property Code defines a tenant as one who "is authorized by a lease to occupy a dwelling to the exclusion of others and . . . who is obligated under the lease to pay rent." Tex. Prop. Code Ann. § 92.001 (West 2014).

Therefore, even under property law, Appellee would not have qualified as a tenant as he was not listed on the lease nor did he pay rent.[1]

Furthermore, the Second Court of Appeals incorrectly concluded that Appellee was either a tenant at will or a tenant at sufferance. *Morgan,* 2015 Tex. App. LEXIS 5411, at *5. In its analysis, the court cited a Texas treatise. *See* Appendices C [49 Tex. Jur. Landlord and Tenant § 13 (2014) (defining tenancy at will)] and D [49 Tex. Jur. Landlord and Tenant § 14 (2014) (defining tenancy at sufferance)]. But the court improperly applied the law as provided in the treatise.

A tenancy at will is at the will of either tenant or landlord and can be terminated by either party without notice. 49 Tex. Jur. Landlord and Tenant § 13 (2014); Herbert Hovenkamp & Sheldon F. Kurtz, *Principles of Property Law* 265 Thompson West, 6th ed. 2005. A tenant at will has no certain or sure estate. 49 Tex. Jur. Landlord and Tenant § 13. Thus, the distinguishing characteristic of a tenancy at will is uncertainty as to the duration of the tenant's holding of the premises. *Id.* Moreover, in contrast to a tenant at sufferance, a tenant at will possesses the property with the owner's consent. *Id.* By this very

---

[1]     Alternatively, even if Appellee was a tenant, the code does not authorize "self-help" remedies such as kicking down a door. Appellee's legal course of action was to seek a writ of re-entry. *See* Tex. Prop. Code Ann. § 92.009 (West 2014).

definition, Appellee would only be permitted possession of the premises by the owner, Regina. As such, she is the rightful owner with greater possessory rights.

A tenant at sufferance is "no tenancy at all but a mere naked possession of land without right." Herbert Hovenkamp & Sheldon F. Kurtz, *Principles of Property Law* 265 Thompson West, 6th ed. 2005. A tenant at sufferance does not assert a claim to superior title, is not in privity with the owner, and possesses no interest capable of assignment. 49 Tex. Jur. Landlord and Tenant § 14 (2014). Accordingly, even if Appellee qualified as a tenant at sufferance, Appellee had no possessory interest equal to Regina's. Therefore, even under common law, Appellee would not have qualified as an "owner" under the Penal Code's definition.

By turning to common law landlord tenant rules, the Second Court disregarded the expansive definition of "owner" as defined by the Penal Code. Since the Penal Code's definition is more precise and relevant in the context of a burglary of a habitation, there is no need to require courts to cross-reference with the Texas Property Code or common law landlord tenant law to discern who qualifies as an "owner" under the Penal Code.

**By disregarding the Penal Code's definition, the Second Court improperly broke away from precedent.**

Cases with similar facts have all utilized the Penal Code's definition of owner. *See Stanley v. State*, 631 S.W.2d 751 (Tex. Crim. App. 1982) (although

defendant was still married to victim, victim had moved out of their joint home and had greater right to possession of her new apartment); *Carrasco-Flores v. State*, No. 08-13-00231-CR, 2015 Tex. App. LEXIS 4982 (Tex. App.—El Paso May 14, 2015, no pet.) (not designated for publication) (as victim kicked defendant out in the morning, changed the locks, and removed defendant from lease, she was the owner because she had greater rights to possession and had actual possession before the break in); *Dominguez v. State*, 355 S.W.3d 918 (Tex. App.—Fort Worth 2011, pet. ref'd) (although defendant had made many mortgage payments, the victim had a greater right to possession as the house was purchased by the victim's sister for her benefit and the victim had possession of the apartment as the defendant's key did not work, and victim would not open the door when defendant knocked); *Mack v. State*, 928 S.W.2d 219 (Tex. App.—Austin 1996, pet. ref'd) (although defendant's name was on the lease, the victim had greater rights to the property since defendant had moved out, stopped paying rent, and agreed to call before coming over); *Gregg v. State*, 881 S.W.2d 946 (Tex. App.—Corpus Christi, 1994, pet. ref'd) (although victim's home was in her parent's name she had greater rights to possession than defendant since defendant and victim had separated and defendant did not live with victim anymore); *Hudson v. State*, 799 S.W.2d 314, 315 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (although defendant and

victim had lived together, she had greater rights to the property since she kicked defendant out).

Courts have remained within the bounds of the Penal Code without venturing into property law to define "owner." Accordingly, by turning to property law instead of remaining within the well-established framework, the Second Court of Appeals erred.

## The Second Court of Appeals improperly applied the sufficiency standard by acting as a thirteenth juror.

The jury in this case was not instructed about the property law principles of tenants at will or at sufferance. In the trial court's jury charge, the jurors were provided the definition of owner from the Penal Code (C.R. at 16). Therefore, by contemplating law outside of what the jury considered, the Second Court of Appeals acted improperly by placing itself as a thirteenth juror.

In assessing the legal sufficiency of the evidence under *Jackson v. Virginia*, a reviewing court "consider[s] all of the evidence in the light most favorable to the verdict and determine[s] whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979). A reviewing court's role is not to become a thirteenth juror, and it should not reevaluate the weight and credibility of the

11

record evidence and substitute its judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318-19). This same standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009). A reviewing court's role on appeal is "restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Id.* at 518.

By contemplating property law which was not presented to the jury, and basing its decision on an erroneous application of property law, the Second Court of Appeals improperly substituted its judgment for that of the fact-finders. *See Dewberry*, 4 S.W.3d at 740. Accordingly, the Second Court improperly applied the legal sufficiency standard, an error that warrants review by this Court.

## GROUND TWO

To qualify as "entry without the effective consent of the owner" how much time must elapse after a victim revokes consent for her live-in boyfriend to enter her home for his forcible entry to be deemed a burglary?

### Argument

**Revoking effective consent: how much time is enough?**

A person who had equal possessory rights to a property runs afoul of the burglary statute by entering that property after their entry rights are effectively revoked. *Mack*, 928 S.W.2d at 219. There is no clear precedent on how much time must elapse between termination of a possessory interest and revocation of consent to enter before entry will be considered a burglary.

Courts have asserted that when a live-in boyfriend or girlfriend is either "kicked out" or voluntarily moves out weeks or months before committing burglary of a habitation, enough time had elapsed to indicate that their rights were effectively revoked. *Carrasco-Flores*, 2015 Tex. App. LEXIS 4982 (victim kicked defendant out the morning he broke in and murdered her); *Dominguez*, 355 S.W.3d at 918 (defendant moved out two weeks before breaking in and murdering his girlfriend); *Mack*, 928 S.W.2d at 219 (defendant moved out three months before breaking in and murdering his girlfriend); *Gregg*, 881 S.W.2d at 946 (defendant and victim stopped living together seven months before defendant murdered victim during commission of burglary of habitation); *Hudson*, 799 S.W.2d at 315

13

(defendant was "kicked out" a month before breaking in and attempting to murder his girlfriend). However, no case has addressed whether entry rights may be effectively revoked minutes before entry to still qualify as burglary of a habitation.

In this case, moments before Appellee reached the door, Regina constructively revoked Appellee's consent to enter her apartment by purposefully locking a deadbolt she knew would render his key useless (3 R.R. at 45, 63). She refused to unlock the door even after he continually pounded on the door, screamed, and threw something through the window, shattering it. (3 R.R. at 46-47; State's Exhibits 7-8, 18).[2] Fearing being assaulted by Appellee, Regina revoked his consent at a time she needed to most.

In its opinion, the Second Court implicitly held that enough time had not elapsed after Regina revoked consent for Appellee's forcible entry to qualify as burglary of a habitation. *Morgan,* 2015 Tex. App. LEXIS 5411, at *6. As it stands, this case holds that a victim may not revoke consent for her live-in

---

[2]     The State will note that Regina's actions would have qualified as effectively revoking consent. *See Carrasco-Flores,* 2015 Tex. App. LEXIS 4982, at *23. In *Carrasco-Flores*, the victim had possession of the apartment when the defendant arrived, the defendant's key did not work, and the victim did not respond when the defendant knocked on the door. *Id.* Citing *Dominguez*, the court found that since the victim was in possession of the property, she was the owner under the Penal Code. *Id*; *see Dominguez,* 355 S.W.3d at 918. Although the *Carrasco* opinion was rendered by the Eighth Court of Appeals, it was transferred there from the Second Court of Appeals under the Texas Supreme Court's docket equalization efforts. Accordingly, the court followed precedent from the Second Court of Appeals. *See* Tex. R. App. P. 41.3

boyfriend to enter her apartment moments before her impending assault, at a time she needs to most. This is an absurd result that warrants review by this Court.

***Dominguez* misconstrued: what does it mean that "possession must be determined immediately *prior to* and not *during* the break-in"?**

In *Dominguez*, the Second Court of Appeals asserted that in burglary of habitation cases, possession is determined "immediately *prior to* and not *during* the break in." *Dominguez v. State*, 355 S.W.3d 918, 923 n.2 (Tex. App.—Fort Worth 2011, pet. ref'd). This holding would seem to support the notion that the possessor of the property immediately before the break-in would be the "legal owner" capable of revoking consent under the Penal Code. Yet the Second Court of Appeals construed this precedent to mean that because Appellee had possession of the apartment at some point before the break-in, that he could not be guilty of burglary of a habitation. *Morgan*, 2015 Tex. App. LEXIS 5411, at *6. In so holding, the Second Court misconstrued what *Dominguez* stood for.

In *Dominguez*, Dominguez claimed that since he came to possess the property after he broke in, he could not be guilty of burglary of a habitation. *Dominguez*, 355 S.W.3d at 923 n.2. The court asserted that his claim was meritless:

> To the extent that [Dominguez] also appears to argue that he acquired possession, lawful or not, under section 30.02 when he entered the house so he could not have committed burglary, we note that this view of the offense leads to the absurd result that a person who breaks into a home immediately takes possession of it and becomes the owner,

15

who then gives himself effective and retroactive consent to break in and therefore cannot be found guilty of burglary. We are confident that this is not the result the legislature intended when it passed the burglary statute, and that **to avoid this absurd result, possession must be determined immediately *prior to* and not *during* the break-in. In other words, the legislature cannot have intended to allow one to acquire possession as against another already in possession, lawfully or not, by one's own unlawful entry.**

*Id.* (emphasis added). Yet no case has interpreted how far back courts must look when determining possession *prior to* the break-in. Under *Dominguez*, it would seem that possession immediately prior to the break-in as applied in this case would mean that since Regina was physically inside the apartment prior to the break-in, she was in possession. As that was not the holding of the Second Court of Appeals, this Court should grant the State's petition to indicate whether the Second Court of Appeals misconstrued *Dominguez*. Or, this Court should grant the State's petition to clarify how far back in time courts should look when determining possession prior to the break-in.

**The Second Court of Appeals vs. The Fourth Court of Appeals: which standard applies to determine who has possession?**

While the Second Court of Appeals has asserted that the standard to determine possession is by evaluating who had possession prior to and not during the break-in, the Fourth Court of Appeals has established a different standard. Under the Fourth Court's reasoning, possession is measured at the time of the accused's alleged criminal act. *Ramirez v. State*, 429 S.W.3d 686, 688 (Tex.

16

App.—San Antonio 2014, pet ref'd) (citing *Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986)).[3] As there are two differing standards to apply for similar fact scenarios, Texas courts need clarification on which standard to properly apply.[4]

**Applied properly, the *Dominguez* standard should govern.**

Under a fair interpretation of *Dominguez*, Regina was the owner as she had possession immediately prior to the break-in. Whether Appellee had possession at some point in the past is irrelevant. The State prays the Court grants review to clarify the proper interpretation and application of the *Dominguez* standard.

---

[3]     The Third Court of Appeals has asserted that possessory rights are determined on the date of the offense, without more specificity. *See Mack*, 928 S.W.2d at 223.

[4]     Under either application, it appears the Second Court of Appeals' approach to look into the future to determine possession is equally inappropriate. *Morgan,* 2015 Tex. App. LEXIS 5411, at *6. The Second Court articulated that since the victim did not intend to revoke Appellee's consent forever, his consent was not revoked prior to the burglary and assault. In *Ramirez*, the Fourth Court asserted that possessory rights the night before the burglary were not relevant to its consideration of ownership as judged from the time of the charged offense. *Ramirez v. State*, 429 S.W.3d 686, 690 n.3 (Tex. App.—San Antonio 2014, pet ref'd); *see Mack*, 928 S.W.2d at 223 (possession determined on the date of the offense); Tex. Penal Code 1.07(a)(39). Accordingly, Appellee's future claim to the apartment should be equally irrelevant when determining possession at the time of the offense.

## PRAYER FOR RELIEF

Accordingly, the State of Texas prays that the Court of Criminal Appeals grants review in this case to permit full briefing on the issues presented.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**YAEL ZBOLON**
Assistant Criminal District Attorney
1450 East McKinney, Suite 300
Detnon, TX 76209
State Bar No. 24077065
(940) 349-2600
FAX (940) 349-2601
yael.zbolon@dentoncounty.com

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Petition for Discretionary Review in the instant cause contained a word count of 3642, said count being generated by the computer program Microsoft Word that was used to prepare the document.

YAEL ZBOLON

## CERTIFICATE OF SERVICE

True copies of the State's Petition for Discretionary Review have been sent by United States mail to the appellate attorney for Appellee, Stan Goodwin, 303 North Carroll Boulevard, Suite 234, Denton, Texas 76201, and to State Prosecuting Attorney, Lisa McMinn, P.O. Box 12405, Austin, Texas 78711, on the 1st day of July, 2015.

YAEL ZBOLON
Assistant Criminal District Attorney

# APPENDIX A

[Judgment of Conviction]



**ORIGINAL**

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 211TH | |
| | § | | |
| V. | § | DISTRICT COURT | |
| | § | | |
| **DEWAN MORGAN** | § | DENTON COUNTY, TEXAS | |
| | § | | |
| STATE ID NO.: TX05804506 | § | | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. **L. DEE SHIPMAN** | Date Judgment Entered: | **5/14/2014** |
| Attorney for State: | **MICHAEL GRAVES AND/OR LINDSEY SHEGUIT** | Attorney for Defendant: | **DEREK A. ADAME** |

Offense for which Defendant Convicted:
**BURGLARY OF A HABITATION - FAMILY VIOLENCE**

| | |
|---|---|
| Charging Instrument: <br> **INDICTMENT** | Statute for Offense: <br> **30.02 Penal Code** |

Date of Offense:
**6/20/2013**

| | |
|---|---|
| Degree of Offense: <br> **2ND DEGREE FELONY ENHANCED TO A 1ST DEGREE FELONY** | Plea to Offense: <br> **NOT GUILTY** |
| Verdict of Jury: <br> **GUILTY** | Findings on Deadly Weapon: <br> **N/A** |

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| | | |
|---|---|---|
| Punished Assessed by: <br> **JURY** | Date Sentence Imposed: <br> **5/14/2014** | Date Sentence to Commence: <br> **5/14/2014** |

| | |
|---|---|
| Punishment and Place of Confinement: | **TWELVE (12) YEARS INSTITUTIONAL DIVISION, TDCJ** |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: <br> $ **N/A** | Court Costs: <br> $ | Restitution: <br> $ **N/A** | Restitution Payable to: <br> ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

| |
|---|
| $  Reimburse compensation paid by Denton County to any appointed counsel on this cause. |
| All payments previously made to the above assessments are ORDERED credited to the above amounts. |

Sex Offender Registration Requirements do not apply to the **Defendant**. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | | | |
| | From | 06/20/2013 | to | 05/14/2014 | From | | to | |
| Time Credited: | From | | to | | From | | to | = |
| | From | | to | | From | | to | |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | | | | | |
| | **N/A DAYS**   NOTES: **N/A** | | | | | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Denton** County, Texas. The State appeared by her District Attorney.

27



### Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT, was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury**: Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. Art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division:** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court, **ORDERS** that upon release from confinement, Defendant proceed immediately to the Office of District Clerk, Denton County, Texas. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, restitution and any additional fees incurred as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment:** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Denton** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Denton** County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Office of District Clerk, Denton County, Texas. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, restitution and any additional fees incurred as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY**. The Court **ORDERS** Defendant to proceed immediately to the Office of the **Denton** County, **District Clerk**. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

28



### Execution / Suspension of Sentence (select one)

☐ The Court **ORDERS** Defendant's sentence **EXECUTED**.

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

Family Violence wording:      REVISED 9.24.08

THE COURT makes an affirmative finding that the victim of this offense was a family member of the defendant or a member of the defendant's household.

The Court FINDS that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. TEX. CODE CRIM. PROC. Art.42.013.

THE COURT FURTHER FINDS that before the commission of the offense alleged in  paragraph one of the indictment, on the 15th day of July, 2004, in cause number F-0371665, in Dallas County, Texas, the defendant was convicted of the felony of Robbery in the Criminal District Court No. 3.

**Signed and entered on May 14, 2014**

X _____

L. DEE SHIPMAN
JUDGE PRESIDING

Clerk:

Right Thumbprint

# APPENDIX B

[*Morgan v. State*, No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411 (Tex. App.—Fort Worth May 28, 2015, pet. filed)]

No *Shepard's* Signal™
As of: June 25, 2015 12:43 PM EDT

## *Morgan v. State*

Court of Appeals of Texas, Second District, Fort Worth

May 28, 2015, Delivered; May 28, 2015, Opinion Filed

NO. 02-14-00231-CR

**Reporter**
2015 Tex. App. LEXIS 5411

DEWAN MORGAN, APPELLANT v. THE STATE OF TEXAS, STATE

**Notice:** PUBLISH

**Prior History:** [*1] FROM THE 211TH DISTRICT COURT OF DENTON COUNTY. TRIAL COURT NO. F-2013-1704-C. TRIAL COURT JUDGE: HON. L. DEE SHIPMAN.

## Core Terms

apartment, assault, burglary, assault conviction, lesser-included, door, commit

## Case Summary

### Overview

HOLDINGS: [1]-The evidence was uncontroverted that defendant lived at an apartment and kept his possessions inside it; [2]-Because there was no evidence that defendant's tenancy at the apartment was terminated before his arrest, but there was evidence in the form of the complainant's testimony that she specifically did not intend to terminate defendant's tenancy, the evidence was insufficient to support defendant's conviction for burglary of a habitation; [3]-The evidence was sufficient to support an assault conviction beyond a reasonable doubt; [4]-In this unique situation, because the completed assault was the most severe lesser-included offense available, the evidence satisfied the elements of the lesser-included assault beyond a reasonable doubt.

### Outcome

The appellate court modified the trial court's judgment to delete the burglary conviction and to instead reflect a conviction for assault, and it reversed the trial court's judgment on punishment and remanded the case solely for a new punishment trial on defendant's second lesser-included assault conviction resulting from his acts against the complainant.

## LexisNexis® Headnotes

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > General Overview

Criminal Law & Procedure > Trials > Verdicts > General Overview

Criminal Law & Procedure > ... > Standards of Review > Substantial Evidence > Sufficiency of Evidence

Evidence > Burdens of Proof > Proof Beyond Reasonable Doubt

Evidence > Weight & Sufficiency

*HN1* In its due-process review of the sufficiency of the evidence to support a conviction, the appellate court views all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Criminal Law & Procedure > ... > Acts & Mental States > Mens Rea > Specific Intent

Criminal Law & Procedure > ... > Burglary & Criminal Trespass > Burglary > Elements

*HN2* A person commits the offense of burglary of a habitation if he enters a habitation without the effective consent of the owner and with intent to commit assault or attempts to commit or commits assault. *Tex. Penal Code Ann. § 30.02(a)(1), (3)* (2011).

Criminal Law & Procedure > Criminal Offenses > General Overview

*HN3* See *Tex. Penal Code Ann. § 1.07(a)(35)* (Supp. 2014).

Criminal Law & Procedure > ... > Indictments > Contents > General Overview

*HN4* See *Tex. Code Crim. Proc. Ann. art. 21.08* (2009).

Criminal Law & Procedure > ... > Burglary & Criminal Trespass > Burglary > General Overview

*HN5* The term "occupied" in burglary cases is equivalent to possession.

Criminal Law & Procedure > ... > Burglary & Criminal Trespass > Burglary > General Overview

*HN6* Possession must be determined immediately prior to and not during a break-in.

**Counsel:** FOR APPELLANT: J. STANLEY GOODWIN, DENTON, TEXAS.

FOR STATE: PAUL JOHNSON, CRIMINAL DISTRICT ATTORNEY; CATHERINE LUFT, CHIEF OF THE APPELLATE SECTION; YAEL ZBOLON, MICHAEL GRAVES, LINDSEY SHEGUIT, ASSISTANT CRIMINAL DISTRICT ATTORNEYS FOR DENTON COUNTY, DENTON, TEXAS.

**Judges:** PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

**Opinion by:** LEE ANN DAUPHINOT

## Opinion

After two separate incidents involving his girlfriend, with whom he lived, a jury convicted Appellant Dewan Morgan of (1) assault, the lesser-included offense of aggravated assault, and (2) burglary of a habitation, charged in separate indictments, trial court cause numbers F-2013-1703-C and F-2013-1704-C respectively. The jury found the enhancement paragraph true and assessed his punishment at twelve years' confinement in the burglary case and at 365 days' confinement in county jail for the assault. The trial court sentenced him accordingly. Appellant does not appeal from his assault conviction and sentence in F-2013-1703-C.

In his sole point, Appellant contends that the evidence is insufficient to support the jury's verdict of guilt in the [*2] burglary case because the State failed to prove beyond a reasonable doubt that he entered the apartment without the effective consent of the owner. That is the only element he challenges. Because the evidence does not support the jury's determination that Appellant lacked the effective consent of the owner when he entered the apartment, in which he was a cotenant, but Appellant admits to assaulting Complainant and the evidence is sufficient to support that lesser-included offense, we modify the trial court's judgment in this case, F-2013-1704-C, to delete the burglary conviction and to instead reflect an assault conviction. We reverse the trial court's judgment as to punishment and remand this case solely for a new punishment trial on this second assault conviction resulting from Appellant's actions against Complainant.

### Brief Facts

Appellant moved into Complainant's one-bedroom apartment, and after he found a job, he paid the

electric bill and miscellaneous household expenses while Complainant paid the rent. No one other than Appellant and Complainant lived in the apartment, although Appellant's children stayed there when they came to visit him. Both Complainant and Appellant had a key [*3] to the apartment.

One day Appellant and Complainant got into an argument in the living room, and Appellant slapped her. Complainant called the police. When they arrived, she gave them a written statement. In the statement, she said that after Appellant slapped her, she called the police. At trial, she admitted that she had also said in her written statement that he had gone to the kitchen and returned with a knife, but she testified that that part of her statement was untrue. Appellant left the apartment but returned to live with Complainant the same day.

A couple of months later, the couple had another problem. Complainant testified that she and Appellant had had words that morning because he wanted her to take money from him for some of the household bills, but she refused the money. After work, Complainant and Appellant ran into each other at a convenience store near the apartment. Appellant asked Complainant to wait outside for him because he wanted to talk to her. She did not want to talk to him, so instead of waiting, she went to the home of Dee, a former co-worker, picked him up, and then went to her apartment, where she planned to stay while Dee took her pickup truck to get the [*4] two of them something to eat. Dee and Appellant saw each other outside the apartment near the truck and exchanged words, and Appellant came to the apartment while Dee left in the truck. Meanwhile, Complainant, who had seen Appellant with Dee, locked the deadbolt on the apartment door so that Appellant's key would not work and he could not come inside.

Appellant tried the doorknob, tried his key, knocked on the door, and rang the doorbell but was unable to open the door, and Complainant refused to open the door for him. He threw something at the side window and broke it. Then he kicked the door until it opened, and he went inside the apartment. Complainant and Appellant fought and hit each other, and Appellant bit her left breast. At trial, Complainant remembered Appellant's grabbing her but did not remember his punching her or choking her, although in her written statement, she had said that he punched her and choked her. She had called 911, and the recording of that telephone call was admitted into evidence.

On cross-examination, Complainant testified that when she locked the apartment door, her intent was not to kick Appellant out of the apartment forever but rather "to have a cooling-off [*5] period." She also testified that at the time of the incident, Appellant lived in the apartment with her, kept personal possessions there, and had his own key to the apartment. He had spent the night before the incident in the apartment.

The apartment lease showed Complainant as the leaseholder of the apartment; Appellant was not shown as a resident.

No Evidence of Absence of Owner's Consent

*HN1* In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] *HN2* A person commits the offense of burglary of a habitation if he enters a habitation without the effective consent of the owner and with intent to commit assault or attempts to commit or commits

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

assault.[2] *HN3* "'Owner' means a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."[3] The code of criminal procedure provides that in the indictment,

> *HN4* [w]here one person owns the property, and another person has the possession of the same, [*6] the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them.[4]

*HN5* The term "occupied" in burglary cases is equivalent to possession.[5]

Here, Appellant was a cotenant of Complainant when she locked the door and he kicked it in. The testimony shows that Appellant was either a tenant at will or a tenant at sufferance.[6] The evidence is uncontroverted that he lived at the apartment and kept his possessions inside it. As this court has previously explained, *HN6* "[P]ossession must be determined immediately prior to and not during the break-in."[7] As a tenant, Appellant had the right to occupy and control the apartment until his tenancy was terminated.[8] There is no evidence that Appellant's tenancy was terminated before his arrest for the incident, but there is evidence in the form of Complainant's testimony that she specifically did not intend to terminate Appellant's tenancy.

Applying the appropriate standard of review, we hold that the evidence is insufficient to support Appellant's burglary conviction and sustain [*7] his sole point.

## Modification to Lesser-Included Assault

In this case, because burglary was charged via intent to commit an assault, attempt to commit an assault, or a completed assault, the jury did not "necessarily f[i]nd every constituent element of th[e] lesser offense."[9] That is, we do not know which burglary theory the jury relied on in reaching its verdict.[10] Appellant conceded during his opening statement to the jury, however, "And there's the third offense, the assault which was part of the burglary, which you will hear for yourself evidence to prove that he is guilty of. There[ are] three offenses. He is guilty of the assault. That will be very clear to you." Appellant also admits in his brief that he committed the lesser-included offense of assault; concedes that the evidence is "clearly sufficient" to support an assault conviction, and requests that this court modify the judgment to reflect that conviction instead of a burglary conviction[11] and that we remand this case for a punishment hearing on the assault conviction. Further, we hold that the evidence, detailed above, is sufficient to support

[2] Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011).

[3] *Id.* § 1.07(a)(35) (West Supp. 2014).

[4] Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009).

[5] *Black v. State,* 505 S.W.2d 821, 823 (Tex. Crim. App. 1974).

[6] *See Black,* 505 S.W.2d at 823; *Petty v. Dunn,* 419 S.W.2d 417, 421 (Tex. Civ. App.—Tyler 1967, writ ref'd n.r.e.); 49 Tex. Jur. 3d *Landlord and Tenant* §§ 13-14 (2009).

[7] *Dominguez v. State,* 355 S.W.3d 918, 923 n.2 (Tex. App.—Fort Worth 2011, pet. ref'd).

[8] *See Black,* 505 S.W.2d at 823; *Elliott v. State,* 39 Tex. Crim. 242, 244, 45 S.W. 711, 712 (1898).

[9] *See Thornton v. State,* 425 S.W.3d 289, 298-99 (Tex. Crim. App. 2014).

[10] *See Rodriguez v. State,* 454 S.W.3d 503, 510 (Tex. Crim. App. 2015) (op. on reh'g).

[11] *See Tibbs v. Florida,* 457 U.S. 31, 42-43, 102 S. Ct. 2211, 2218-19, 72 L. Ed. 2d 652 (1982).

an assault conviction beyond a reasonable doubt.[12] In this unique situation, because the completed [*8] assault is the most severe lesser-included offense available, the evidence satisfies the elements of the lesser-included assault beyond a reasonable doubt, Appellant conceded guilt of the lesser-included assault at trial and on appeal, and he seeks this relief, we modify the trial court's judgment in F-2013-1704-C to delete the burglary conviction and to instead reflect a conviction for assault, and we reverse the trial court's judgment in F-2013-1704-C on punishment and remand this case solely for a new punishment trial on Appellant's second lesser-included assault conviction resulting from his acts against Complainant.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT

JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED: May 28, 2015

---

[12] *See Thornton*, 425 S.W.3d at 300; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

# APPENDIX C

[Texas Jurisprudence: Landlord and Tenant

49 Tex. Jur. Landlord and Tenant § 13
(Tenancy at Will)]

## Author

Amy G. Gore, J.D., of the staff of the National Legal Research Group, Inc., Tammy E. Hinshaw, J.D., Elizabeth Williams, J.D.

## § 13 Tenancy at will

One in lawful possession of premises by permission of the owner or landlord and for no fixed term is a tenant at will.[n1]

Illustration: A tenancy at will was found in an action by tenants seeking enforcement of a long-term lease of gas station property, where the evidence was insufficient to support the jury's finding that the parties had orally agreed to a 15-year lease with a 5-year option. The testimony was clear that no agreement as to terms had been reached by the parties; following negotiations, the landlord had sent a proposed written lease to the tenants who had changed the terms and sent the lease back, but the landlord had never received the modified lease.[n2]

A tenant at will has no certain or sure estate; the lessor may put the tenant out at any time.[n3] Thus, the distinguishing characteristic of a tenancy at will is uncertainty as to the duration of the tenant's holding of the premises.[n4] In this respect, a tenancy at will differs from a renting for a periodic term, such as from month to month.[n5] Moreover, in contrast to a tenant at sufferance,[n6] a tenant at will possesses the property with the owner's consent.[n7]

---

[n1] West's Key Number Digest, Landlord and Tenant |westkey|117, 118

Texas Forms Legal and Business § 9:126 (Lease of indefinite duration -- Tenancy at will)

West's Texas Forms, Landlord and Tenant to Beyer, 15 West's Tex. Forms: Real Property § 16.10 (Lease term -- Tenancy at will) Chale Garza Investments, Inc. v. Madaria, 931 S.W.2d 597 (Tex. App. San Antonio 1996), writ denied, (Mar. 21, 1997); *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995); Fandey v. Lee, 880 S.W.2d 164 (Tex. App. El Paso 1994), writ denied, (Oct. 13, 1994).

[n2] Virani v. Syal, 836 S.W.2d 749 (Tex. App. Houston 1st Dist. 1992), writ denied, (Jan. 27, 1993).

[n3] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995).

[n4] Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307 (1935); Urban v. Crawley, 206 S.W.2d 158 (Tex. Civ. App. Eastland 1947), writ refused n.r.e., (Feb. 11, 1948).

[n5] American Sur. Co. of New York v. Bay City Cattle Co., 268 S.W. 247 (Tex. Civ. App. Galveston 1924), writ refused.

As to periodic tenancies, see § 12.

[n6] § 14.

[n7] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995).

There are almost an indefinite variety of ways in which a tenancy at will may be created.[n8] Any lease for an uncertain term is, prima facie, a lease at will.[n9] A lease of property that permits the lessee to occupy the property as long as the lessee may desire creates a tenancy at will.[n10] Moreover, a tenancy at will exists where premises are occupied pending the performance of formalities that attend the execution of a lease,[n11] and in some circumstances, where one who has occupied premises during a definite term holds over with the permission of the landlord.[n12] A lease in general terms to run until the sale of the premises or the happening of a similar contingency is a tenancy at will only.[n13]

A tenant's continued possession of land covered by a prior lease but omitted from a succeeding lease is as a tenant at will[n14] or at sufferance.[n15]

## Reference

West's Key Number Digest, Landlord and Tenant [westkey]70 to 73, 113 to 115, 117 to 119

A.L.R. Index, Landlord and Tenant

West's A.L.R. Digest, Landlord and Tenant [westkey]70 to 73, 113 to 115, 117 to 119

*Am. Jur. 2d, Landlord and Tenant §§ 110 to 124*

C.J.S., Landlord and Tenant §§ 24 to 28, 208 to 294

Landlord's Recovery of Damages for Tenant's Wrongful Holding over of Leased Premises, 68 Am. Jur. Proof of Facts 3d 1

Texas Forms Legal and Business §§ 9:119 to 9:126, 9:105

West's Texas Forms, Landlord and Tenant to Beyer, 15 West's Tex. Forms: Real property §§ 16.8 to 16.11

## Supplement

Cases
Lease for term "equal to remainder of tenant's natural life, or until such time as she voluntarily vacates

---

[n8] Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 18 S.W. 707 (1891).

[n9] Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307 (1935).

[n10] Johnson v. Petty, 289 S.W.2d 797 (Tex. Civ. App. Amarillo 1956); Urban v. Crawley, 206 S.W.2d 158 (Tex. Civ. App. Eastland 1947), writ refused n.r.e., (Feb. 11, 1948).

[n11] Markowitz v. Davidson, 228 S.W. 968 (Tex. Civ. App. Fort Worth 1921).

[n12] State v. City Nat. Bank of Austin, 578 S.W.2d 155 (Tex. Civ. App. Tyler 1979), writ granted and judgment aff'd, 603 S.W.2d 764 (Tex. 1980).

As to holding over, generally, see §§ 291 to 300.

[n13] Lea v. Hernandez, 10 Tex. 137, 1853 WL 4289 (1853); Willis v. Thomas, 9 S.W.2d 423 (Tex. Civ. App. San Antonio 1928), writ dismissed w.o.j., (Feb. 6, 1929); Norman v. Morehouse, 243 S.W. 1104 (Tex. Civ. App. Amarillo 1922), writ dismissed w.o.j., (Nov. 22, 1922).

[n14] A & A Liquor Stores v. Duncan, 385 S.W.2d 738 (Tex. Civ. App. Dallas 1964).

[n15] § 14.

the premises," created tenancy at will terminable at any time at will of either party. *Effel v. Rosberg, 360 S.W.3d 626 (Tex. App. Dallas 2012),* reh'g overruled, (Mar. 22, 2012).

A lease must be for a certain period of time or it will be considered a tenancy at will. *Effel v. Rosberg, 360 S.W.3d 626 (Tex. App. Dallas 2012),* reh'g overruled, (Mar. 22, 2012).

Tenants were precluded from invoking the doctrine of promissory estoppel to bar the application of the statute of frauds to an alleged oral representation by landlord that tenants could stay on leased lake lots as long as they wanted, absent a showing that landlord promised to sign a written document that complied with the statute of frauds by setting out an end date for the leases' duration. *Providence Land Services, LLC v. Jones, 353 S.W.3d 538 (Tex. App. Eastland 2011).*

A tenant at will has no certain or sure estate, and the lessor may put him out at any time. *Aspenwood Apartment Corp. v. Coinmach, Inc., 349 S.W.3d 621 (Tex. App. Houston 1st Dist. 2011),* petition for review filed, (Apr. 26, 2011) and petition for review filed, (May 26, 2011).

A tenant at will, in contrast to a tenant at sufferance, possesses the property with the owner's consent. *Aspenwood Apartment Corp. v. Coinmach, Inc., 349 S.W.3d 621 (Tex. App. Houston 1st Dist. 2011),* petition for review filed, (Apr. 26, 2011) and petition for review filed, (May 26, 2011).

**Source:** WEST GROUP

Texas Jurisprudence Copyright © 2014 West Group

# APPENDIX D

[Texas Jurisprudence: Landlord and Tenant

49 Tex. Jur. Landlord and Tenant § 14
(Tenancy at Sufferance)]

*Texas Jurisprudence* > *Landlord and Tenant* > *I. Overview of Landlord and Tenant Relationship* > *C. Kinds of Tenancies*

## Author

Amy G. Gore, J.D., of the staff of the National Legal Research Group, Inc., Tammy E. Hinshaw, J.D., Elizabeth Williams, J.D.

## § 14 Tenancy at sufferance

A tenant who remains in possession of the premises after termination of the lease occupies "wrongfully"and is said to have a tenancy at sufferance.[n1] Thus, for example, a tenancy at sufferance is created and exists where a person who has entered as a tenant for a term holds over after the expiration of the term.[n2] So, too, a person holding over after a judgment divesting him or her of title to real property is regarded as a tenant at sufferance of the prevailing party.[n3] A party that holds over after an adverse judgment has been rendered against it may, in the alternative, be referred to as a "permissive tenant,"[n4] in addition to a "tenant at sufferance."[n5]

A tenant's continued possession of land covered by a prior lease but omitted from a succeeding lease is as a tenant at sufferance[n6] or at will.[n7]

Distinction: The distinction between a tenancy at will and a tenancy by sufferance is that in the former both the entry and the occupancy are lawful, whereas in the latter, although the entry is lawful, the occupancy is not.[n8] A tenancy at sufferance is a lesser possessory estate than a tenant at will.[n9] A tenant at sufferance is merely an occupant in naked possession of property after his or her right to possession

---

[n1]    West's Key Number Digest, Landlord and Tenant [westkey]117, 119

Landlord's Recovery of Damages for Tenant's Wrongful Holding over of Leased Premises, 68 Am. Jur. Proof of Facts 3d 1

West's Texas Forms, Landlord and Tenant to Beyer, 15 West's Tex. Forms: Real Property § 16.11 (Lease term -- Tenancy at sufferance)

Carrasco v. Stewart, 224 S.W.3d 363 (Tex. App. El Paso 2006).

A "tenant at sufferance"is one who wrongfully continues in naked possession of property after his or her right to possession has ceased. Gibson v. Dynegy Midstream Services, L.P., 138 S.W.3d 518 (Tex. App. Fort Worth 2004).

[n2]    International & G.N.R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515 (1886).

As to holding over, generally, see §§ 291 to 300.

[n3]    Steed v. Barefield, 348 S.W.2d 205 (Tex. Civ. App. Eastland 1961), writ refused n.r.e., (Oct. 25, 1961).

[n4]    Witcher v. Bennett, 120 S.W.3d 922 (Tex. App. Texarkana 2003).

Generally, an occupant of the property holding over after execution of a deed is considered a permissive tenant whose right to possession is inferior to that of the party holding title. Murphy v. Countrywide Home Loans, Inc., 199 S.W.3d 441 (Tex. App. Houston 1st Dist. 2006), review denied, (Mar. 23, 2007).

[n5]    Glover v. Union Pacific R. Co., 187 S.W.3d 201 (Tex. App. Texarkana 2006); Witcher v. Bennett, 120 S.W.3d 922 (Tex. App. Texarkana 2003).

[n6]    A & A Liquor Stores v. Duncan, 385 S.W.2d 738 (Tex. Civ. App. Dallas 1964).

[n7]    § 13.

[n8]    Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 18 S.W. 707 (1891).

has ceased.[10] A tenant at sufferance does not assert a claim to superior title,[11] is not in privity with the owner,[12] and possesses no interest capable of assignment.[13]

Practice Tip: To remove a tenant by sufferance, the new owner must file a forcible detainer suit.[14] Also, a tenancy at sufferance must be repudiated before the adverse possession statutes begin to run on the tenant's claim for adverse possession.[15]

## Reference

West's Key Number Digest, Landlord and Tenant [westkey]70 to 73, 113 to 115, 117 to 119

A.L.R. Index, Landlord and Tenant

West's A.L.R. Digest, Landlord and Tenant [westkey]70 to 73, 113 to 115, 117 to 119

*Am. Jur. 2d, Landlord and Tenant §§ 110* to *124*

C.J.S., Landlord and Tenant §§ 24 to 28, 208 to 294

Landlord's Recovery of Damages for Tenant's Wrongful Holding over of Leased Premises, 68 Am. Jur. Proof of Facts 3d 1

Texas Forms Legal and Business §§ 9:119 to 9:126, 9:105

West's Texas Forms, Landlord and Tenant to Beyer, 15 West's Tex. Forms: Real property §§ 16.8 to 16.11

## Supplement

Cases
If a lease can be terminated at the will of the lessee, it may also be terminated at the will of the lessor. *Effel v. Rosberg, 360 S.W.3d 626 (Tex. App. Dallas 2012),* reh'g overruled, (Mar. 22, 2012).

A tenant at sufferance is merely an occupant in naked possession of property after his or her right to possession has ceased, does not assert a claim to superior title, is not in privity with the owner, and possesses no interest capable of assignment. *Aspenwood Apartment Corp. v. Coinmach, Inc., 349*

As to tenancy at will, see § 13.

[9] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995).

[10] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995); Goggins v. Leo, 849 S.W.2d 373 (Tex. App. Houston 14th Dist. 1993).

[11] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995).

[12] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995); Goggins v. Leo, 849 S.W.2d 373 (Tex. App. Houston 14th Dist. 1993).

[13] *ICM Mortg. Corp. v. Jacob, 902 S.W.2d 527 (Tex. App. El Paso 1994),* writ denied, (Aug. 1, 1995).

[14] Lighthouse Church of Cloverleaf v. Texas Bank, 889 S.W.2d 595, 25 U.C.C. Rep. Serv. 2d 1292 (Tex. App. Houston 14th Dist. 1994), writ denied, (May 4, 1995).

As to forcible entry and detainer, generally, see Tex. Jur. 3d, Forcible Entry and Detainer §§ 1 to 13.

[15] Glover v. Union Pacific R. Co., 187 S.W.3d 201 (Tex. App. Texarkana 2006).

*S.W.3d 621 (Tex. App. Houston 1st Dist. 2011),* petition for review filed, (Apr. 26, 2011) and petition for review filed, (May 26, 2011).

A tenant at sufferance falls short of being a trespasser only by virtue of having initially been in possession rightfully; he may thus be treated by the landlord either as a trespasser or as a periodic tenant retroactively to the beginning of the relationship. *Aspenwood Apartment Corp. v. Coinmach, Inc., 349 S.W.3d 621 (Tex. App. Houston 1st Dist. 2011),* petition for review filed, (Apr. 26, 2011) and petition for review filed, (May 26, 2011).

Second purchaser of apartment complex following foreclosure did not consent to lessee's continued possession of apartment complex laundry rooms under lease, and thus lessee became a tenant at sufferance and could not be liable to the second purchaser for breach of lease, where second purchaser gave lessee written notice that lease had been terminated by foreclosure and requested that lessee vacate laundry rooms, second purchaser did not cash checks received from lessee, second purchaser filed forcible entry and detainer suit against lessee, and second purchaser continued to assert that lessee was required to vacate property. *Aspenwood Apartment Corp. v. Coinmach, Inc., 349 S.W.3d 621 (Tex. App. Houston 1st Dist. 2011),* petition for review filed, (Apr. 26, 2011) and petition for review filed, (May 26, 2011).

The general common law rule provides that a tenant who remains in possession of the premises after termination of the lease occupies "wrongfully" and is said to have a tenancy at sufferance. *Taylor v. Carbajal, 304 S.W.3d 585 (Tex. App. Beaumont 2010),* petition for review filed, (Mar. 24, 2010).

**Source:** WEST GROUP

Texas Jurisprudence Copyright © 2014 West Group