**Edwin Brian TATUM, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–079–CR.**

Court of Appeals of Texas,
Fort Worth.

March 30, 1983.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and HUGHES, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Edwin Brian Tatum, was convicted by a jury of burglary of a habitation and sentenced to ten years in the penitentiary.

We affirm.

Tatum asserts five grounds of error. The first ground of error complains that the trial court should have granted Tatum's motion for change of venue because of pretrial publicity arising from articles appearing in the *Fort Worth Star-Telegram*.

Initially, Tatum contends that he was entitled to a change of venue as a matter of law because the State failed to controvert the affidavits filed by him in

support of his motion. *Durrough v. State,* 562 S.W.2d 488 (Tex.Cr.App.1978). This contention is not supported by the record in this case. The State filed two affidavits pursuant to V.A.C.C.P. art. 31.04. These affidavits are sufficient to raise a fact issue in regards to whether adverse publicity exists and whether Tatum could receive a fair trial in Tarrant County, Texas. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979). Furthermore, Tatum waived the requirement that controverting affidavits must be filed by proceeding with the motion and allowing the State to introduce evidence without objection. *McManus v. State, supra* at page 516.

■ Tatum also contends that even if the State controverted the affidavits, adverse publicity was such that a change of venue is mandated. The filing of controverting affidavits raised an issue of fact which was decided adversely to Tatum when his motion was overruled following a hearing on the issue. When the trial court is presented with conflicting evidence, the appellant must demonstrate an abuse of discretion on appeal. The test to be applied is whether outside influences affecting the community climate of opinion as to defendant are inherently suspect. *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981).

■ This record does not establish such adverse prejudice that an abuse of discretion was shown. Only ten prospective jurors had heard of or read the articles and those who formed any opinion about the case were excused. Most of these ten could not remember any details of these articles. Only one prospective juror who had read the article was selected as a juror in this case and he stated he could discard what he read and base his verdict solely on what he heard in the courtroom. Finally, the articles themselves were accurate, informative and objective. They mentioned Tatum's name once each and dealt mainly with the various delays and continuances.

■ Potential jurors are not required to be totally ignorant of the facts of a case because "[s]carcely any of those best quali-fied to serve as jurors will not have formed some impression or opinion as to the merits of the case." *Eckert v. State, supra,* at page 363. Ground of error one is overruled.

Grounds of error two and five raise complaints about the jury arguments of the prosecutor. Ground of error two complains that the prosecutor, during argument in the punishment phase, injected new evidence before the jury based on the following:

MR BAYS:

I ask you, as Mr. Kredell did, to give him life. It's not an easy thing to do. Can't remember the last time I ever stood up in front of a live—

MR BURNS: Excuse me, Your Honor, I'm going to object to counsel testifying as to what he's done in other cases. That's a clear comment—It's personal opinion. We're going to object to it. It's outside the record—or the evidence.

THE COURT: I'll overrule it.

MR BURNS: Note our exception.

■ A prosecutor may give his opinion of the seriousness of an offense by contrasting it with other cases in general, unless the prosecutor goes into details of other cases. See, for example: *Shipp v. State,* 482 S.W.2d 870 (Tex.Cr.App.1972); *Brummett v. State,* 384 S.W.2d 708 (Tex.Cr.App.1964); *Williams v. State,* 535 S.W.2d 637 (Tex.Cr.App.1976). This contention has no merit and is overruled.

■ Ground of error five complains of an injection of the prosecutor's personal opinion as to the credibility of a witness in the argument concluding the guilt/innocence stage of the trial. This complaint is based upon the following argument:

MR BAYS:

Mr. Burns also said that her affair, this affair that she was having, supposed affair that she was having with Brian, supports the Defendant's story. No; no, I don't think it does. I think what Jane told you on the stand was the truth. Now, you have to understand—

MR BURNS: Again, Your Honor, I will have to object to Counsel's opinion as to what is the truth.

MR BAYS: Ladies and gentlemen, I'm not in a position—

MR BURNS: May we have a ruling?

THE COURT: I will overrule.

MR BURNS: Note our exception.

MR BAYS: What I say to you is summation, not evidence, and I'm not to express a personal opinion about this. My job is to make deductions from the evidence.

I think when you look at what Jane had to tell you on the witness stand, that you can understand, one, why she was embarrassed to get up here and tell it; and you understand, two, that we didn't know anything about that particular part of the story until it came out—

 In order for improper jury argument to constitute reversible error, it must be extreme or manifestly improper, or it must inject new and harmful facts before the jury. *Duffy v. State,* 567 S.W.2d 197 (Tex. Cr.App.1978). To determine this, focus should be drawn to the probable effect of the argument on the jury. *Blansett v. State,* 556 S.W.2d 322 (Tex.Cr.App.1977). This argument, rather than harming Tatum, actually supported his claim of self-defense based on jealousy of the injured party. It injects nothing new and it was promptly made clear by the prosecutor that he was making deductions from the evidence and the jury was not to consider his personal opinion. Ground of error five is overruled.

Grounds of error three and four assert that the evidence is insufficient to show a lack of consent for entry into the house from the co-tenant Jane Adams. At the time of the entry, she was engaged to be married to the victim, Kevin Hastings. She testified that several times she had loaned Tatum her car when Tatum's would break down and that the key to the home that she and Kevin had purchased was on the same key ring as the car key. She also testified that she did not live in the house at the time of the entry and assault but that Kevin Hastings lived there alone. Tatum testified that she had given him consent to enter the house. Kevin Hastings, the victim, testified that he never gave consent for Tatum to enter the house.

Lack of consent to the entry in burglary prosecutions may be shown by circumstantial evidence. *Prescott v. State,* 610 S.W.2d 760 (Tex.Cr.App.1981); *Taylor v. State,* 508 S.W.2d 393 (Tex.Cr.App.1974). The record shows that Tatum entered the house late at night and attacked Kevin Hastings, almost killing him. Assuming, arguendo, that Jane Adams was a co-owner, the jury's implicit finding that this was outside the scope of any consent to enter given by her because she loaned Bryan Tatum her car keys is reasonable and supported by the evidence.

Furthermore, the State was not even required to prove any lack of consent by Jane Adams, as the consent of any party other than the owner alleged in the indictment is purely a matter of defense to a murder charge. *Hogan v. State,* 529 S.W.2d 515 (Tex.Cr.App.1975). Kevin Hastings was alleged as the owner in the indictment and it is undisputed that he never gave consent to enter. Grounds of error three and four are overruled. The judgment is affirmed.