**Shawn Keith ALLISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00943–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 2003.

Jeff Hale, Houston, TX, for Appellant.

Shirley Cornelius, Assistant District Attorney–Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, TERRY JENNINGS, and HANKS.

## OPINION

TERRY JENNINGS, Justice.

A jury found appellant, Shawn Keith Allison, guilty of burglary of a habitation and, after finding true the allegations in two enhancement paragraphs that appellant had two prior felony convictions, assessed punishment at confinement for 25 years. In his sole point of error, appellant contends that the evidence was factually insufficient to support his conviction. We affirm.

### Facts

J.A., appellant's 12–year–old son, testified that, on the morning of November 2, 2001, he, an older brother, and a younger sister were getting ready for school. J.A.'s mother, Janney Helire, had already left for work when J.A. heard a knock on the front door. J.A. saw appellant and an unidentified man outside the apartment. J.A. unlocked and opened the front door and greeted appellant, and appellant and his friend then walked into the apartment and sat down on a couch. J.A. asked appellant if appellant wanted to watch television, and J.A. turned on the television set and then finished getting dressed for school.

J.A. further testified that appellant drove J.A.'s older brother to school, and appellant's friend waited with J.A. at the apartment until appellant returned. Once appellant returned to the apartment, he asked J.A. to walk to a nearby store to run an errand. J.A. told appellant that he did not want to go to the store by himself, and appellant then asked a man standing outside the apartment complex to escort J.A. to the store. When J.A. returned to the apartment, he saw that the front door to the apartment was open and "all the stuff was gone." J.A. told a neighbor, "Miss Angie," that "my daddy stole all our stuff."

"Miss Angie" called J.A.'s mother at work and then called 9–1–1.

Helire testified that, when she returned to her apartment that morning, she saw that her bedroom door was "broken" and a new phone and a comforter were missing from her bedroom. Helire had installed a padlock on the outside of her bedroom door in order to keep her children from finding their Christmas gifts. Helire further testified that she had previously instructed J.A. not to let anyone in the house, including appellant. However, J.A. admitted to her, after the burglary, that he had "let [appellant] in." Although appellant had visited Helire and the children at the apartment and had eaten dinner with them a week earlier, she had not lived with appellant for "about 15 years." Helire also testified that she was the only person who had signed the lease for the apartment.

Houston Police Officer Larry Edwards testified that, when he arrived at Helire's apartment that morning, he saw "some spots that was [sic] empty that [Helire] said her property was on." The record reflects that the television set in the living room was one of the items stolen from the apartment. Edwards stated that the bedroom door had "a padlock on it or something and somebody had either kicked it in or some kind of way got in ... the door frame was busted." Edwards further noted that "there wasn't any forced entry to the front door."

Angela Denise Wilson testified that she was Helire's neighbor, and that on the day of the burglary she saw appellant and an unidentified man carrying "bulky" objects "covered up with a blanket" away from the apartment. Wilson saw appellant and the other man carry separate bundles to a car and they "just drove off real fast."

### Factual Sufficiency

In his sole point of error, appellant argues that the evidence is factually insufficient to support his conviction because there is insufficient evidence to demonstrate that appellant did not have consent to be in the apartment. He notes that neither Helire nor J.A. testified that appellant did not have consent to be inside the apartment, and that, in fact, J.A. "allowed" him into the apartment and "set out to make appellant comfortable" by turning on the television set for appellant.

■ The factual sufficiency of the evidence is reviewed by examining all of the evidence neutrally and asking whether the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000).

■ A person commits a burglary if, without the effective consent of the owner, he enters a habitation, or a building not then open to the public, with intent to commit a felony, theft, or an assault. Tex. Pen.Code Ann. § 30.02 (Vernon 2003). For purposes of the burglary statute, any person who has a greater right to actual care, custody, control, or management of property than a defendant may be alleged as an "owner." *Alexander v. State*, 753 S.W.2d 390, 392 (Tex.Crim.App.1988); *Gregg v. State*, 881 S.W.2d 946, 951 (Tex. App.-Corpus Christi 1994, pet. ref'd). Consent is not effective if induced by force, threats, deception, or coercion or given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to make unreasonable decisions. Tex. Pen.Code Ann. § 1.07(a)(19) (Vernon 2003). In a burglary prosecution, the absence of effective consent may be proved by circumstantial evidence. *Prescott v. State*, 610 S.W.2d 760, 763 (Tex. Crim.App.1981).

The State argues that even if appellant had permission to enter the apartment, he did not possess effective consent to enter Helire's padlocked bedroom. We agree.

■ A "habitation" means a structure that is adapted for the overnight accommodation of persons, and includes "each separately secured or occupied portion of the structure." Tex. Pen.Code Ann. § 30.01(1)(A) (Vernon 2003). Here, Helire testified that she had installed a padlock on the outside of her bedroom door because she had purchased Christmas presents and wanted to keep her children out of the room. Helire further testified that she was the only person who possessed a key to the padlock and that she locked it when she left for work. Officer Edwards testified that the padlock was "closed" and hanging from the broken doorframe to the bedroom and that he believed "either somebody put their shoulder to it or kicked" the bedroom door to open it.

We find that there was sufficient circumstantial evidence to show that appellant lacked effective consent to enter Helire's bedroom. Helire had a greater right to actual care, custody, control, or management of the entire apartment, including her own bedroom, than appellant. *Id.* § 1.07(35)(A) (Vernon 2003). The bedroom door was secured by a padlock to prevent the entry of anyone other than Helire, the owner. When J.A. was sent on the errand by appellant, the bedroom door was locked and appellant and his friend were the only people inside the apartment. Wilson subsequently saw appellant and another man carrying bulky objects wrapped up in a "blanket" from the apartment. When Helire returned to the apartment that morning, she saw that her bedroom

door was "broken" and open and found that a new phone and comforter were missing from her bedroom.

Accordingly, we hold that the evidence was factually sufficient to support appellant's conviction for burglary. We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.