

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00231-CR

DEWAN MORGAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F-2013-1704-C

----------

## OPINION

----------

After two separate incidents involving his girlfriend, with whom he lived, a jury convicted Appellant Dewan Morgan of (1) assault, the lesser-included offense of aggravated assault, and (2) burglary of a habitation, charged in separate indictments, trial court cause numbers F-2013-1703-C and F-2013-1704-C respectively. The jury found the enhancement paragraph true and assessed his punishment at twelve years' confinement in the burglary case and at 365 days' confinement in county jail for the assault. The trial court sentenced

him accordingly. Appellant does not appeal from his assault conviction and sentence in F-2013-1703-C.

In his sole point, Appellant contends that the evidence is insufficient to support the jury's verdict of guilt in the burglary case because the State failed to prove beyond a reasonable doubt that he entered the apartment without the effective consent of the owner. That is the only element he challenges. Because the evidence does not support the jury's determination that Appellant lacked the effective consent of the owner when he entered the apartment, in which he was a cotenant, but Appellant admits to assaulting Complainant and the evidence is sufficient to support that lesser-included offense, we modify the trial court's judgment in this case, F-2013-1704-C, to delete the burglary conviction and to instead reflect an assault conviction. We reverse the trial court's judgment as to punishment and remand this case solely for a new punishment trial on this second assault conviction resulting from Appellant's actions against Complainant.

**Brief Facts**

Appellant moved into Complainant's one-bedroom apartment, and after he found a job, he paid the electric bill and miscellaneous household expenses while Complainant paid the rent. No one other than Appellant and Complainant lived in the apartment, although Appellant's children stayed there when they came to visit him. Both Complainant and Appellant had a key to the apartment.

One day Appellant and Complainant got into an argument in the living room, and Appellant slapped her. Complainant called the police. When they arrived, she gave them a written statement. In the statement, she said that after Appellant slapped her, she called the police. At trial, she admitted that she had also said in her written statement that he had gone to the kitchen and returned with a knife, but she testified that that part of her statement was untrue. Appellant left the apartment but returned to live with Complainant the same day.

A couple of months later, the couple had another problem. Complainant testified that she and Appellant had had words that morning because he wanted her to take money from him for some of the household bills, but she refused the money. After work, Complainant and Appellant ran into each other at a convenience store near the apartment. Appellant asked Complainant to wait outside for him because he wanted to talk to her. She did not want to talk to him, so instead of waiting, she went to the home of Dee, a former co-worker, picked him up, and then went to her apartment, where she planned to stay while Dee took her pickup truck to get the two of them something to eat. Dee and Appellant saw each other outside the apartment near the truck and exchanged words, and Appellant came to the apartment while Dee left in the truck. Meanwhile, Complainant, who had seen Appellant with Dee, locked the deadbolt on the apartment door so that Appellant's key would not work and he could not come inside.

Appellant tried the doorknob, tried his key, knocked on the door, and rang the doorbell but was unable to open the door, and Complainant refused to open the door for him. He threw something at the side window and broke it. Then he kicked the door until it opened, and he went inside the apartment. Complainant and Appellant fought and hit each other, and Appellant bit her left breast. At trial, Complainant remembered Appellant's grabbing her but did not remember his punching her or choking her, although in her written statement, she had said that he punched her and choked her. She had called 911, and the recording of that telephone call was admitted into evidence.

On cross-examination, Complainant testified that when she locked the apartment door, her intent was not to kick Appellant out of the apartment forever but rather "to have a cooling-off period." She also testified that at the time of the incident, Appellant lived in the apartment with her, kept personal possessions there, and had his own key to the apartment. He had spent the night before the incident in the apartment.

The apartment lease showed Complainant as the leaseholder of the apartment; Appellant was not shown as a resident.

**No Evidence of Absence of Owner's Consent**

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

4

elements of the crime beyond a reasonable doubt.[1]   A person commits the offense of burglary of a habitation if he enters a habitation without the effective consent of the owner and with intent to commit assault or attempts to commit or commits assault.[2]   "'Owner' means a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."[3]   The code of criminal procedure provides that in the indictment,

> [w]here one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either.  Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them.[4]

The term "occupied" in burglary cases is equivalent to possession.[5]

Here, Appellant was a cotenant of Complainant when she locked the door and he kicked it in.  The testimony shows that Appellant was either a tenant at will or a tenant at sufferance.[6]   The evidence is uncontroverted that he lived at

---

[1]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[2]Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011).

[3]*Id.* § 1.07(35) (West Supp. 2014).

[4]Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009).

[5]*Black v. State*, 505 S.W.2d 821, 823 (Tex. Crim. App. 1974).

[6]*See Black*, 505 S.W.2d at 823; *Petty v. Dunn*, 419 S.W.2d 417, 421 (Tex. Civ. App.—Tyler 1967, writ ref'd n.r.e.); 49 Tex. Jur. 3d *Landlord and Tenant* §§ 13–14 (2009).

the apartment and kept his possessions inside it. As this court has previously explained, "[P]ossession must be determined immediately prior to and not during the break-in."[7] As a tenant, Appellant had the right to occupy and control the apartment until his tenancy was terminated.[8] There is no evidence that Appellant's tenancy was terminated before his arrest for the incident, but there is evidence in the form of Complainant's testimony that she specifically did not intend to terminate Appellant's tenancy.

Applying the appropriate standard of review, we hold that the evidence is insufficient to support Appellant's burglary conviction and sustain his sole point.

**Modification to Lesser-Included Assault**

In this case, because burglary was charged via intent to commit an assault, attempt to commit an assault, or a completed assault, the jury did not "necessarily f[i]nd every constituent element of th[e] lesser offense."[9] That is, we do not know which burglary theory the jury relied on in reaching its verdict.[10] Appellant conceded during his opening statement to the jury, however, "And there's the third offense, the assault which was part of the burglary, which you

---

[7]*Dominguez v. State*, 355 S.W.3d 918, 923 n.2 (Tex. App.—Fort Worth 2011, pet. ref'd).

[8]*See Black*, 505 S.W.2d at 823; *Elliott v. State*, 39 Tex. Crim. 242, 244, 45 S.W. 711, 712 (1898).

[9]*See Thornton v. State*, 425 S.W.3d 289, 298–99 (Tex. Crim. App. 2014).

[10]*See Rodriguez v. State*, 454 S.W.3d 503, 510 (Tex. Crim. App. 2015) (op. on reh'g).

6

will hear for yourself evidence to prove that he is guilty of. There[ are] three offenses. He is guilty of the assault. That will be very clear to you." Appellant also admits in his brief that he committed the lesser-included offense of assault; concedes that the evidence is "clearly sufficient" to support an assault conviction, and requests that this court modify the judgment to reflect that conviction instead of a burglary conviction[11] and that we remand this case for a punishment hearing on the assault conviction. Further, we hold that the evidence, detailed above, is sufficient to support an assault conviction beyond a reasonable doubt.[12] In this unique situation, because the completed assault is the most severe lesser-included offense available, the evidence satisfies the elements of the lesser-included assault beyond a reasonable doubt, Appellant conceded guilt of the lesser-included assault at trial and on appeal, and he seeks this relief, we modify the trial court's judgment in F-2013-1704-C to delete the burglary conviction and to instead reflect a conviction for assault, and we reverse the trial court's judgment in F-2013-1704-C on punishment and remand this case solely for a new punishment trial on Appellant's second lesser-included assault conviction resulting from his acts against Complainant.

---

[11] *See Tibbs v. Florida*, 457 U.S. 31, 42–43, 102 S. Ct. 2211, 2218–19 (1982).

[12] *See Thornton*, 425 S.W.3d at 300; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

7

                                              /s/ Lee Ann Dauphinot
                                              LEE ANN DAUPHINOT
                                              JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED:  May 28, 2015