PD-0758-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/8/2015 1:34:51 PM
Accepted 10/8/2015 2:03:26 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

DEWAN MORGAN, §
APPELLANT §
§
§
v. § No. PD-0758-15
§
§ FILED IN
THE STATE OF TEXAS, § COURT OF CRIMINAL APPEALS
APPELLEE §
§ October 8, 2015
§
ABEL ACOSTA, CLERK

## STATE'S BRIEF ON THE MERITS

FROM THE SECOND DISTRICT OF TEXAS AT FORT WORTH
IN CAUSE NUMBER 02-14-00231-CR
AND
FROM THE 211TH JUDICIAL DISTRICT COURT
DENTON COUNTY, TEXAS
IN CAUSE NUMBER F-2013-1704-C

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**YAEL ZBOLON**
Assistant Criminal District Attorney
1450 E. McKinney, Suite 3100
Denton, Texas 76209
State Bar No. 24077065
(940) 349-2600
FAX (349) 2751
yael.zbolon@dentoncounty.com

# IDENTITY OF PARTIES & COUNSEL

Appellant ......................................................**DEWAN MORGAN**

**CHRISTOPHER ABEL**
2609 Sagebrush Drive
Suite 202
Flower Mound, Texas 75028

APPELLATE COUNSEL

**DEREK ADAME**
1512 East McKinney Street
Suite 102
Denton, Texas  76209

TRIAL COUNSEL

Appellee......................................................**THE STATE OF TEXAS**

**PAUL JOHNSON**
Criminal District Attorney

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**YAEL ZBOLON**
Assistant Criminal District Attorney
State Bar No. 24077065
1450 East McKinney, Suite 3100
Denton, Texas  76209
(940) 349-2600
FAX  (940) 349-2751
yael.zbolon@dentoncounty.com

APPELLATE COUNSEL

**MICHAEL GRAVES**
**LINDSEY SHEGUIT**
Assistant Criminal District Attorneys

TRIAL COUNSEL

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ..................................................................... i

INDEX OF AUTHORITIES ............................................................................ iv

STATEMENT OF THE CASE ........................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT .............................................. 2

ISSUES PRESENTED ...................................................................................... 2

### GROUND ONE:
In burglary of habitation cases, must trial and appellate courts utilize property law to determine who qualifies as the "owner" of a habitation as defined by the Penal Code?

### GROUND TWO:
To qualify as "entry without the effective consent of the owner," how much time must elapse after a victim revokes consent for her live-in boyfriend to enter her home for his forcible entry to be deemed a burglary?

STATEMENT OF FACTS ................................................................................. 2

SUMMARY OF THE STATE'S ARGUMENT ................................................... 4

ARGUMENT .................................................................................................. 5

THE STATE'S GROUND ONE ....................................................................... 5

Elements of burglary of a habitation ............................................................ 5

The Penal Code aptly defines who qualifies as
the "owner" of a habitation ......................................................................... 5

As the Penal Code's definition is expansive, it is improper
to utilize common law property principles to determine
who qualifies as the owner under a criminal statute .................................... 7

The Second Court of Appeals improperly applied common law property principles in deciphering who qualified as the owner of the habitation.................................................................................... 9

Moreover, as the jury did not receive an instruction nor was any evidence presented regarding common law property principles, the Second Court of Appeals improperly acted as a thirteenth juror by applying such principles.............................................................. 11

THE STATE'S GROUND TWO ................................................................ 13

Revocation of effective consent to enter............................................. 13

Once consent is effectively revoked, entry—even mere seconds later—is unlawful .................................................... 14

Appellant did not have consent to enter Regina's apartment before he broke in.................................................................................. 16

PRAYER FOR RELIEF ........................................................................... 18

CERTIFICATE OF COMPLIANCE ....................................................... 19

CERTIFICATE OF SERVICE................................................................. 19

# INDEX OF AUTHORITIES

## Statutes, Codes, and Rules

Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009)......................................................7

Tex. Penal Code Ann. § 1.07(a)(11) (West Supp. 2014) .........................................13

Tex. Penal Code Ann. § 1.07(a)(19)(A) (West Supp. 2014)..................................16

Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2014)..............................6, 7

Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014) .........................................6

Tex. Penal Code Ann. § 30.02(a)(1) (West 2011) ......................................................5

Tex. Penal Code Ann. § 30.02(a)(2) (West 2011) ......................................................5

Tex. Prop. Code Ann. § 92.001 (West 2014)............................................................10

## Cases

*Alexander v. State*
753 S.W.2d 390 (Tex. Crim. App. 1988)...............................................................6

*Allison v. State*
113 S.W.3d 476 (Tex. App.—Houston [1st Dist.] 2003, no pet.).......................13

*Carrasco-Flores v. State*
No. 08-13-00231-CR, 2015 Tex. App. LEXIS 4982
(Tex. App.—El Paso May 14, 2015, no pet.)
(not designated for publication)...................................................................8, 9, 16

*Dewberry v. State*
4 S.W.3d 735 (Tex. Crim. App. 1999)...................................................................11

*Dominguez v. State*
    355 S.W.3d 918 (Tex. App.—Fort Worth 2011, pet. ref'd)........................8, 14, 16

*Ellett v. State*
    607 S.W.2d 545 (Tex. Crim. App. 1980)..................................................17

*Garza v. State,*
    344 S.W.3d 409 (Tex. Crim. App. 2011).................................................6

*Gregg v. State*
    881 S.W.2d 946 (Tex. App.—Corpus Christi, 1994, pet. ref'd)...........................8

*Harris v. State*
    471 S.W.2d 390 (Tex. Crim. App. 1971)..................................................15

*Hathorn v. State*
    848 S.W.2d 101 (Tex. Crim. App. 1992)..................................................13

*Hooper v. State*
    214 S.W.3d 9 (Tex. Crim. App. 2007).....................................................11

*Hudson v. State*
    799 S.W.2d 314 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd)...................8

*Jackson v. Virginia*
    443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)..................................11

*Laster v. State*
    275 S.W.3d 512 (Tex. Crim. App. 2009)..................................................11

*Mack v. State*
    928 S.W.2d 219 (Tex. App.—Austin 1996, pet. ref'd)...............................7, 8, 15

*Morgan v. State*
    465 S.W.3d 327, No. 02-14-00231-CR, 2015
    Tex. App. LEXIS 5411 (Tex. App.—Fort Worth
    May 28, 2015, pet. granted)........................................................passim

*Preston v. State*
  No. 14-04-00151-CR, 2005 Tex. App. LEXIS 500 (Tex.
  App.—Houston [14th Dist.] Jan. 15, 2005, no pet.) ................................................. 16

*Ramirez v. State*
  429 S.W.3d 686 (Tex. App.—San Antonio 2014, pet ref'd) ............................... 15

*Rangel v. State*
  179 S.W.3d 64 (Tex. App.—San Antonio 2005, pet. ref'd) ............................... 17

*Salazar v. State*
  284 S.W.3d 874 (Tex. Crim. App. 2009) ................................................................. 15

*Stanley v. State*
  631 S.W.2d 751 (Tex. Crim. App. 1982) ................................................................. 8

*Tatum v. State*
  649 S.W.2d 139 (Tex. App.—Fort Worth 1983, pet. ref'd) ............................... 13

*Taylor v. State*
  508 S.W.2d 393 (Tex. Crim. App. 1974) ................................................................. 13

## Other Authorities

49 Tex. Jur. Landlord and Tenant § 13 (2014) ............................................... 9, 10

49 Tex. Jur. Landlord and Tenant § 14 (2014) ............................................... 10

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**DEWAN MORGAN,**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§
§
§

**No. PD-0758-15**

---

## STATE'S BRIEF ON THE MERITS

---

TO THE COURT OF CRIMINAL APPEALS:

Comes now the State, by and through its Assistant Criminal District Attorney, and respectfully submits its brief on the merits urging reversal of the judgment of the Second District Court of Appeals.

## **STATEMENT OF THE CASE**

After a jury convicted Appellant of burglary of a habitation and sentenced him to 12 years in jail, Appellant appealed to the Second Court of Appeals. Finding the evidence legally insufficient, the Second Court of Appeals released a published opinion reversing Appellant's conviction for burglary of a habitation but affirming Appellant's lesser-included assault conviction. This Court granted the State's petition for discretionary review.

1

## STATEMENT REGARDING ORAL ARGUMENT

This Court has granted oral argument. Because the issues presented in this case have yet to be addressed by this Court, the State believes oral argument would be beneficial to the parties and Court.

## ISSUES PRESENTED

1. In burglary of habitation cases, must trial and appellate courts utilize property law to determine who qualifies as the "owner" of a habitation as defined by the Penal Code?

2. To qualify as "entry without the effective consent of the owner," how much time must elapse after a victim revokes consent for her live-in boyfriend to enter her home for his forcible entry to be deemed a burglary?

## STATEMENT OF FACTS

As their relationship progressed, Regina Raglin invited her boyfriend, Appellant, to live with her at her apartment. While she gave him a key, she never added him to her lease, and she alone paid the rent (3 R.R. at 29-30; State's Exhibits 20-21). Appellant only contributed financially by paying for some groceries, cleaning supplies, and the electric bill (3 R.R. at 29-30).

The morning of the offense, the couple argued (3 R.R. at 41). Fearing Appellant, who had assaulted her before, Regina invited a male friend to come over that evening after work (3 R.R. at 40-43). When Appellant came home, he saw Regina's friend in the parking lot and the two exchanged words (3 R.R.

2

at 43-44). Regina quickly locked a deadbolt that could only be unlocked from within (3 R.R. at 43-45, 63). Realizing his key was useless; Appellant pounded on the door, rang the doorbell, yelled, shattered the kitchen window, and ultimately kicked down the door, with the deadbolt still in place (3 R.R. at 46-47; State's Exhibits 7-8, 18). Regina was on the phone with 9-1-1, but quickly retreated to her bedroom (3 R.R. at 50).

Appellant grabbed, punched, scratched, choked Regina, and bit her breast (3 R.R. at 48; 4 R.R. at 46, 51, 63, 67-68; State's Exhibits 12-17, 19). While choking Regina with his left hand, Appellant used his right hand to punch her in the face (4 R.R. at 63). When Officer Kenny Lopez arrived on scene, he could hear Regina screaming for help (4 R.R. at 45). Upon entering the apartment, Officer Lopez noticed the door was kicked in and saw Appellant on top of Regina, assaulting her (4 R.R. at 46, 51). Officer Lopez verbally commanded Appellant to leave and took him into custody (4 R.R. at 46).

3

## SUMMARY OF THE STATE'S ARGUMENTS

By turning to common law property principles rather than relying on the authoritative definition of an "owner" of a habitation as defined by the Penal Code, the Second Court of Appeals improperly broke away from precedent. Further, its application of common law property principles was flawed, and by considering principles that were never presented to the jury, the Second Court of Appeals acted as a thirteenth juror in applying the sufficiency standard.

Applied properly, Regina Raglin qualified as the owner of the apartment under the Penal Code. Moreover, by her actions and her testimony, Regina effectively revoked Appellant's consent to enter her apartment. Therefore, when Appellant broke in and assaulted her, Appellant committed burglary of a habitation. Accordingly, the Second Court of Appeals erred by reversing Appellant's burglary of a habitation conviction.

# ARGUMENT

## THE STATE'S GROUND ONE

> In burglary of habitation cases, must trial and appellate courts utilize property law to determine who qualifies as the "owner" of a habitation as defined by the Penal Code?

### Elements of burglary of a habitation

A person commits burglary of a habitation if without the effective consent of the owner the person enters a habitation (1) with intent to commit a felony, theft, or an assault; (2) commits a felony, theft, or assault; (2) or attempts to commit a felony, theft, or assault. Tex. Penal Code Ann. § 30.02(a)(1),(2) (West 2011).

In its opinion, the Second Court of Appeals focused on two primary elements of burglary of a habitation: (1) who is the owner? and (2) when is consent revoked? *See Morgan v. State,* 465 S.W.3d 327, No. 02-14-00231-CR, 2015 Tex. App. LEXIS 5411, at *2 (Tex. App.—Fort Worth May 28, 2015, pet. granted). In assessing who qualified as the owner, the Second Court of Appeals departed from precedent and rather than turning to the authoritative Penal Code, looked to common law property principles. Such a deviation is reversible error.

### The Penal Code aptly defines who qualifies as the "owner" of a habitation.

The Penal Code defines the "owner" of the property, capable of giving or revoking consent to enter, as one who (1) has title to the property; (2) has possession of the property, whether lawful or not; or (3) has a greater right to

5

possession of the property than the actor. Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2014). "Possession" is defined as actual care, custody, control or management. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014). Thus, under the Penal Code, any person who has a greater right to actual care, custody, control, or management of the property than the defendant is the owner. *See Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).

By including a three-pronged definition of an "owner," the Penal Code's definition contemplates a wide variety of situations, including a case like this one, where both the defendant and the victim cohabit. *See Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011) (The Penal Code includes an expansive definition of an owner.) Specifically, this case falls squarely under two applicable definitions of "owner."

Under the Penal Code, one who has possession of the property, whether lawful or not, is the owner. *See* Tex. Penal Code §1.07(a)(35)(A). As Regina had possession of the apartment before Appellant broke in, she qualified as the owner. *See id.* The Penal Code also defines the owner as having a greater right to possession than the actor. *Id.* As Regina was the only person listed as a tenant on the lease, and because she solely paid rent, Regina had a greater right to possession of the property than did Appellant. *Id.*; *see Alexander*, 753 S.W.2d at 392. Accordingly, between Appellant and Regina, Regina was the owner under the law.

Further, Appellant met none of the definitions of an "owner." Appellant did not have title to the apartment. *See* Tex. Penal Code §1.07(a)(35)(A). Appellant did not have possession of the apartment before breaking in. *Id.* Appellant did not have a greater right to possession than Regina since he was not named in the lease, nor did he pay rent. *Id.* Therefore, under a straight-forward application of the Penal Code's definition of an owner, Regina, not Appellant, was the owner.[1]

**As the Penal Code's definition is expansive, it is improper to utilize common law property principles to determine who qualifies as the owner under a criminal statute.**

The Second Court of Appeals focused on cohabitation, or co-tenancy. *Morgan,* 2015 Tex. App. LEXIS 5411, at *2. Yet, under the Penal Code, cohabitation is not definitive. As noted, Regina met two definitions of an owner and Appellant met none. Accordingly, the Penal Code would have served to aptly answer the question of who qualified as the owner between two cohabitants.

---

[1]    Accordingly, contrary to the Second Court's interpretation, whether Appellant lived at the apartment, slept at the apartment the night before, or had his belongings inside the apartment are immaterial considerations in determining whether Appellant had a greater right to possession than Regina or had possession of the property before the break in. *See Mack v. State*, 928 S.W.2d 219, 223 (Tex. App.—Austin 1996, pet. ref'd) ("The touchstone of our analysis is not whether the defendant has any right to possession of the property at all, but whether the alleged owner's right to possess the property is greater than the defendant's.").

Additionally, the Second Court cited Texas Code of Criminal Procedure article 21.08 for the proposition that when there is more than one owner, either may be listed in the indictment as the owner. Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009); *see Morgan,* 2015 Tex. App. LEXIS 5411, at *5. As noted, this provision is inapplicable, because Appellant was not an owner.

7

Moreover, precedent establishes that when determining who qualifies as the owner, courts utilize the Penal Code's definition without turning to property law principles. *See Stanley v. State*, 631 S.W.2d 751 (Tex. Crim. App. 1982) (although defendant was still married to victim, victim had moved out of their joint home and had greater right to possession of her new apartment); *Dominguez v. State*, 355 S.W.3d 918 (Tex. App.—Fort Worth 2011, pet. ref'd) (although defendant had made many mortgage payments, the victim had a greater right to possession as the house was purchased by the victim's sister for her benefit and the victim had possession of the apartment as the defendant's key did not work, and victim would not open the door when defendant knocked); *Mack v. State*, 928 S.W.2d 219 (Tex. App.—Austin 1996, pet. ref'd) (although defendant's name was on the lease, the victim had greater rights to the property since defendant had moved out, stopped paying rent, and agreed to call before coming over); *Gregg v. State*, 881 S.W.2d 946 (Tex. App.—Corpus Christi, 1994, pet. ref'd) (although victim's home was in her parent's name she had greater rights to possession than defendant since defendant and victim had separated and defendant did not live with victim anymore); *Hudson v. State*, 799 S.W.2d 314, 315 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (although defendant and victim had lived together, she had greater rights to the property since she kicked defendant out); *Carrasco-Flores v. State*, No. 08-13-00231-CR, 2015 Tex. App. LEXIS 4982

8

(Tex. App.—El Paso May 14, 2015, no pet.) (not designated for publication) (as victim kicked defendant out in the morning, changed the locks, and removed defendant from lease, she was the owner because she had greater rights to possession and had actual possession before the break in).

Accordingly, the Second Court of Appeals should have adhered to established precedent and remained within the Penal Code's framework without turning to common law property principles. By disregarding established precedent, the Second Court of Appeals introduced needless confusion to the interpretation of a criminal statute.

**The Second Court of Appeals improperly applied common law property principles in deciphering who qualified as the owner of the habitation.**

The Second Court of Appeals concluded that because Appellant lived at the apartment, and kept his possessions inside, he was either a tenant at will or a tenant at sufferance. *Morgan,* 2015 Tex. App. LEXIS 5411, at *5-6. However, even after applying common law property principles, Appellant would still not qualify as the owner.

A tenant at will is defined as "one in lawful possession of the premises by permission of the owner or landlord and for no fixed term." 49 Tex. Jur. Landlord and Tenant § 13 (2014). Most significant in this definition is the tenant at will is allowed on the premises *by the owner* and is therefore inherently, not the owner. Accordingly, even if Appellant was a tenant at will, he was still *not the owner*.

9

Additionally, a tenant at will has "no certain or sure estate," and can be "put out at any time." *Id.* Therefore, Appellant would not have equal possessory rights and the owner, Regina, could terminate his tenancy at any time. *See id.* Accordingly, even if this Court were to apply the common law property principles utilized by the Second Court, Appellant would still not qualify as the owner.

A tenancy at sufferance is created when a tenant "remains in possession of the premises after termination of the lease" and occupies the property "wrongfully." 49 Tex. Jur. Landlord and Tenant § 14 (2014). A tenant at sufferance does not assert a claim to superior title, is not in privity with the owner, and possesses no interest capable of assignment. *Id.* Therefore, as a tenant at sufferance is not in privity with the owner, Appellant could not be considered a tenant capable of divesting ownership from Regina. Additionally, there was no evidence that Appellant had held over his possessory interest after its termination and therefore could not be considered a tenant at sufferance. Accordingly, Appellant was neither a tenant at sufferance, a tenant at will, nor the owner under common law property principles or the Penal Code's definition.[2]

---

[2] Moreover, under the Texas Property Code, Appellant would not have qualified as a tenant at all. The Texas Property Code defines a tenant as one who "is authorized by a lease to occupy a dwelling to the exclusion of others and . . . who is obligated under the lease to pay rent." Tex. Prop. Code Ann. § 92.001 (West 2014). Appellant was never recognized as a tenant under the lease, nor did he pay rent.

**Moreover, as the jury did not receive an instruction nor was any evidence presented regarding common law property principles, the Second Court of Appeals improperly acted as a thirteenth juror by applying such principles.**

In assessing the legal sufficiency of the evidence under *Jackson v. Virginia*, a reviewing court "consider[s] all of the evidence in the light most favorable to the verdict and determine[s] whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979)). A reviewing court's role is not to become a thirteenth juror, and it should not reevaluate the weight and credibility of the record evidence and substitute its judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318-19). This same standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009). A reviewing court's role on appeal is "restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Id.* at 518.

11

The record is devoid of any mention of tenancy at will or at sufferance. The jury heard no evidence regarding whether Appellant classified as a tenant at will or at sufferance, nor was there a jury instruction in the court's charge regarding common law property principles (C.R. at 16). By relying on factors that were never presented to the jury, and applying common law property principles improperly, the Second Court of Appeals acted as a thirteenth juror by substituting its judgment for that of the fact finder. Accordingly, the Second Court of Appeals improperly applied the sufficiency standard and improperly found the evidence insufficient to support Appellant's conviction.

To qualify as "entry without the effective consent of the owner," how much time must elapse after a victim revokes consent for her live-in boyfriend to enter her home for his forcible entry to be deemed a burglary?

**Revocation of effective consent to enter**

"Consent" is defined as "assent in fact, whether express or implied." Tex. Penal Code Ann. § 1.07(a)(11) (West Supp. 2014). Consent may be withdrawn or limited in scope. *See Allison v. State*, 113 S.W.3d 476 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In burglary of habitation cases, lack of consent to enter may be established by circumstantial evidence. *See Hathorn v. State*, 848 S.W.2d 101, 107 (Tex. Crim. App. 1992); *Taylor v. State*, 508 S.W.2d 393, 397 (Tex. Crim. App. 1974); *Tatum v. State*, 649 S.W.2d 139, 142 (Tex. App.—Fort Worth 1983, pet. ref'd).

Despite the evidence indicating that Regina revoked her consent for Appellant to enter her apartment by locking the top lock and continually denying Appellant entry after he knocked, banged, yelled, and broke a window, the Second Court of Appeals concluded that there was "no evidence of absence of owner's consent" and "no evidence that Appellant's tenancy was terminated before his arrest for this incident." *Morgan*, 2015 Tex. App. LEXIS 5411, at *4, *6. Implicitly then, the Second Court of Appeals found that Regina's actions of continually and intentionally denying Appellant entry, and resorting to calling 911

13

for assistance rather than unlocking the door and allowing Appellant inside her apartment, was insufficient to constitute revocation of his consent to enter.

**Once consent is effectively revoked, entry—even mere seconds later—is unlawful.**

Conversely, the Second Court of Appeals in *Dominguez* concluded that possession is determined immediately prior to the break in. *Dominguez v. State*, 355 S.W.3d 918, 923 n.2 (Tex. App.—Fort Worth 2011, pet. ref'd) ("possession must be determined immediately *prior to* and not *during* the break-in"). Therefore, under *Dominguez*, possession and consent to enter should be determined immediately prior to the break-in. *See id.* In this case, prior to Appellant's break in, Regina's actions clearly demonstrated that Appellant's consent to enter had been effectively revoked.

Yet, in *Morgan*, the Second Court of Appeals considered Regina's testimony at trial—almost a year after the offense—that she did not intend to revoke his consent forever. *Morgan*, 2015 Tex. App. LEXIS 5411, at *6. If consent and possession are determined prior to the break-in, Regina's considerations regarding whether she may grant Appellant consent in the future are immaterial to determining whether Appellant had consent to enter in the moments prior to his break-in. Moreover, the Second Court's considerations that Appellant had consent to enter at some point in the past are immaterial to determining whether in the moment of his entry his consent was revoked. The Second Court relied on the fact

14

that Regina had initially granted Appellant consent to move in, that he had slept there the night before the offense, and that his belongings were still inside as an indication that he had consent. *Id.*

Whether Appellant had consent to enter at some point in the past or may be granted consent to enter at some point in the future are both immaterial considerations to whether he had consent to enter on the night of the offense. *See Harris v. State,* 471 S.W.2d 390, 392 (Tex. Crim. App. 1971) (opinion on appellant's motion for rehearing) (It is settled law in Texas that the controlling date for ownership of property is the date of the offense.). In *Ramirez,* the Fourth Court asserted that possessory rights the night before the burglary were not relevant to its consideration of ownership as judged from the time of the charged offense. *Ramirez v. State,* 429 S.W.3d 686, 688, 690 n.3 (Tex. App.—San Antonio 2014, pet ref'd) (possession is measured at the time of the accused's alleged criminal act); *see Mack,* 928 S.W.2d at 223 (possession determined on the date of the offense); *see also Salazar v. State,* 284 S.W.3d 874, 877-78 (Tex. Crim. App. 2009) (the mere fact that a person has been invited to a home in the past does not eliminate the societal expectation that he must be given permission to enter in the future). Similarly, whether consent may be granted at some point in the future is equally irrelevant to determining whether Appellant had consent before

breaking-in. The relevant consideration is whether, in the moments before the break-in, Appellant had consent. *See Dominguez*, 355 S.W.3d at 923 n. 2.

**Appellant did not have consent to enter Regina's apartment before he broke in.**

By locking a deadbolt that rendered Appellant's key useless, denying him entry after he repeatedly banged on the door and yelled at Regina to let him in, and by refusing to allow him entry after he shattered a window, and opting to call 911 rather than granting him access, Regina's actions clearly indicated that she did not want Appellant in her apartment on the night of the offense.[3] *See Carrasco-Flores*, 2015 Tex. App. LEXIS 4982, at *23 (consent effectively revoked when deadbolt locked, defendant's key did not work, defendant knocked on door, and eventually kicked down the door with the deadlock still engaged); *see also Preston v. State*, No. 14-04-00151-CR, 2005 Tex. App. LEXIS 500, at *3 (Tex. App.—Houston [14th Dist.] Jan. 15, 2005, no pet.) ("since Taylor locked her door to prevent appellant's entrance, after which appellant kicked Taylor's door down to enter the apartment, no question exists as to whether Taylor gave appellant consent to enter . . . she clearly did not"). Additionally, Regina testified that she gave Appellant notice that she did not want him inside her apartment by locking the top lock (3.R.R. at 45). The testimony of an owner that she did not give permission to

---

[3] Even if she had opened the door after Appellant shattered the window, her consent would not be considered effective since it would have been induced by force, threat, or fraud. *See* Tex. Penal Code Ann. § 1.07(a)(19)(A)(West Supp. 2014).

enter the habitation is sufficient to establish the absence of effective consent. *Ellett v. State*, 607 S.W.2d 545, 550 (Tex. Crim. App. 1980); *see Rangel v. State*, 179 S.W.3d 64, 69 (Tex. App.—San Antonio 2005, pet. ref'd). Therefore, by her testimony and her actions, Regina had revoked her consent. To hold otherwise is to hold that a victim of an impending assault may never revoke consent for her live-in boyfriend to enter, even at a time when she needs to most.

Accordingly, the Second Court of Appeals erred in reversing Appellant's burglary of a habitation conviction.

17

## **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that this Court reverse the judgment of the Court of Appeals, find the evidence sufficient to sustain Appellant's conviction, and reinstate Appellant's conviction for burglary of a habitation.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**YAEL ZBOLON**
Assistant Criminal District Attorney
State Bar No. 24077065
1450 East McKinney, Suite 3100
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2751
yael.zbolon@dentoncounty.com

18

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Brief on the Merits in the instant cause contained a word count of 3540, said count being generated by the computer program Microsoft Word that was used to prepare the document.

_____
YAEL ZBOLON

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been sent by United States Mail, postage prepaid, to counsel for Appellee, Chris Abel, 2609 Sagebrush Drive, Suite 202, Flower Mound, Texas 75028 and to Lisa C. McMinn, State Prosecuting Attorney, Post Office Box 13046, Austin, Texas 78711-3046, on this, the 8th day of October 2015.

_____
YAEL ZBOLON
Assistant Criminal District Attorney

19