

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-15-00172-CR**

THOMAS GRUNEWALD                                                      APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F15-855-362

----------

## MEMORANDUM OPINION[1]

----------

Appellant Thomas Grunewald appeals his conviction for burglary of a habitation and argues that the evidence fails to show that he entered without the effective consent of the owner or that the owner had a greater right to possession than he did. Because we conclude the evidence was sufficient to support his conviction, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

---

[1]*See* Tex. R. App. P. 47.4.

Grunewald and Tina McFall never married but had two daughters together. Their relationship ended in 2009, and McFall moved into a mobile-home community in October 2011. The lease for McFall's mobile home only listed her as the lessee. Grunewald never had been included in the lease for the mobile home and kept no belongings there. Grunewald would visit his daughters a few times a year on a sporadic and inconsistent basis. Because Grunewald did not have a car, McFall would sometimes allow him to stay overnight after visiting the girls.

In June 2014, Grunewald called McFall and asked her to pick him up so he could see one of his daughter's school programs. McFall agreed and believed that Grunewald would attend the program, see the children, and leave. On June 9, 2014, McFall picked up Grunewald at a Wal-Mart, which was ninety minutes away from her home, and drove him to the school program. Grunewald, who was on crutches, did not have an overnight bag or additional clothes with him. After the program, McFall expected to drive Grunewald back to Wal-Mart, but Grunewald told her that he needed money to give to the person who would pick him up at the Wal-Mart. Because Grunewald had no transportation, McFall left him at the mobile home and took the girls to stay at her friend's home.

On June 10, McFall and the girls returned, and McFall told Grunewald that he had to leave. Grunewald still could not arrange for a ride, so McFall and the girls again stayed at her friend's house. On June 11, Grunewald asked McFall to take him to Wal-Mart to get a money transfer, but McFall realized that she could

2

not get him there before the money-transfer counter closed and declined. Grunewald became angry and began to scream at McFall on the front porch of the mobile home. McFall demanded that Grunewald leave or she would call the police. Grunewald grabbed McFall's phone, smashed it on the railing on the porch, and threw it across the street. McFall locked the front door of her mobile home, got in her car with the girls, and left after telling Grunewald, "You need to go. . . . You can't stay here. I'm locking the house up." McFall and her daughters stayed at her friend's house for a third night after she was told that Grunewald had forced his way into the home.

The next day, McFall returned to her home and found significant damage to the front door and to many of her belongings. The front door had been kicked in, damaging the door frame and breaking the lock. The four television sets in the home, mirrors, the coffee pot, and a DVD player had been broken. The girls' fish tank had been destroyed, and the fish and snails had died. McFall's clothes and shoes had been cut or covered in glue and glitter, and pictures of the children had been torn. Missing from the home were a Wii game console, McFall's jewelry, pictures, and an expensive toothbrush. McFall estimated that the value of the missing items and that the cost of the damage to her phone, to her home, and to her possessions totaled approximately $5,200.

Grunewald was arrested and made a videotaped statement to a police officer after receiving the required warnings. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (West Supp. 2015). In his statement, Grunewald admitted he

3

destroyed the televisions, a mirror, McFall's shoes, and the fish tank. But he denied that he took anything from the home and asserted that McFall did not lock the door to the mobile home when she left. He claimed that he had been living at and paying rent on the mobile home but conceded that he never had keys to the home.

A grand jury indicted Grunewald with burglary of a habitation by entering a habitation without the effective consent of the owner and attempting to commit and committing the felony offense of criminal mischief. *See* Tex. Penal Code Ann. § 30.02(a)(3), (d) (West 2011); *see also id.* § 28.03 (West Supp. 2015). At trial, McFall testified that Grunewald had never lived in the mobile home, that he had never paid rent, and that she clearly told him that he had to leave the home when she locked the door. After hearing the evidence, including Grunewald's videotaped statement to police,[2] a jury found him guilty and assessed his punishment at 25 years' confinement. Grunewald appeals and argues that the evidence was insufficient to support his conviction because he had the "effective consent" of McFall as the owner of the mobile home to be in the home and was therefore a "tenant at will." Grunewald admits that he committed felony criminal mischief but because he was a tenant at the time of the offense, he contends that his conviction for burglary of a habitation cannot stand and requests that we

---

[2]Although three unspecified portions of the video were "muted" by agreement when the videotaped statement was played for the jury, Grunewald recognizes that the "entire interview was admitted into evidence" and relies on many of his statements in the interview to support his appellate argument.

4

remand for a new punishment hearing on the lesser-included offense of criminal mischief.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). We presume that the fact-finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

As charged, Grunewald committed burglary of a habitation if he entered a habitation without the effective consent of the owner and attempted to commit and committed felony criminal mischief. *See* Tex. Penal Code Ann. § 30.02(a)(3). An owner is defined as "a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* § 1.07(a)(35)(A) (West Supp. 2015). As we previously explained, Grunewald does not dispute that he entered the mobile home and attempted to commit and committed criminal mischief; he argues that based on his status as a tenant, he had McFall's effective consent to enter and McFall had no greater right to possession.

Grunewald's status as a tenant was not established at trial such that we may disregard the jury's implicit finding that McFall was the owner of the mobile

5

home and did not consent to his entry. Although Grunewald averred in his statement to police that he was paying rent on the mobile home at the time of the offense, he admitted he did not have any keys to the mobile home, and the lease solely listed McFall as the tenant. Similarly, McFall testified that she clearly and verbally revoked any consent she previously may have given Grunewald to stay at the mobile home and locked the front door as she left. Grunewald stated that McFall did not lock the door,[3] but this was a factual dispute solely within the jury's province to resolve. We may not second-guess this or any other inference drawn by the jury that is rationally based on the evidence. *See Brooks v. State*, 323 S.W.3d 893, 899–900 (Tex. Crim. App. 2010); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury's findings that Grunewald entered the mobile home without the effective consent of McFall, the owner of the mobile home as defined by statute, were supported by sufficient evidence such that due process was satisfied. *See, e.g.*, *Stanley v. State*, 631 S.W.2d 751, 753 (Tex. Crim. App. [Panel Op.] 1982) (holding estranged husband was not owner of estranged wife's new home based on marital relationship such that he was authorized to enter without consent); *Harris v. State*, 164 S.W.3d 775, 785–86 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding evidence sufficient that complainant had greater right to possession to apartment than defendant

---

[3]As pointed out by the State, this statement was inconsistent with the evidence that the door had been violently kicked in, breaking the lock and the doorframe.

6

because defendant was not listed on lease and kept no belongings there even if they were considered married); *Hudson v. State*, 799 S.W.2d 314, 315–16 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (finding no evidence that defendant had greater right to possession of apartment where tenant, defendant's former live-in girlfriend, previously made defendant move out); *cf. Morgan v. State*, 465 S.W.3d 327, 330 (Tex. App.—Fort Worth 2015, pet. granted) (holding evidence insufficient to support burglary conviction because no evidence showed defendant's tenancy ended before the offense and complainant testified that she did not intend to end defendant's tenancy).

We overrule Grunewald's issue and affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 14, 2016